## HOBART v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit.  May 7, 1924.)

No. 3965.

1. **Criminal law ⊗⇒656(9)—Belief of judge in defendant's guilt does not justify other than an impartial attitude during trial.**

It is error for a judge to make his belief in a defendant's guilt so evident by his rulings and charge that the jury cannot fail to be constantly affected by it throughout the trial.

2. **Criminal law ⊗⇒762(3)—Due restraint of trial court's exercise of power to aid jury in determining facts held as important as its existence.**

Though it is sometimes duty of judge to assist jury in reaching right conclusion on facts to make trial court efficient and dependable judicial machine, due restraint of the exercise of this power is as important as its existence.

3. **Poisons ⊗⇒4—Issuing by physician of prescriptions for morphine to addict not under restraint held violation of Anti-Narcotic Act.**

The issuing by a physician of frequent prescriptions for morphine to a known addict, who is not under restraint, is not within the exception of Harrison Anti-Narcotic Act, § 2 (Comp. St. § 6287h), but is a violation of the act.

4. **Criminal law ⊗⇒1169(2)—Conviction not reversible for errors in trial, where defendant's guilt is clear.**

Where the guilt of a defendant so fully appears that the jury could not rightfully have rendered a verdict of acquittal, as where acts which are sufficient to constitute the offense are admitted, conviction will not be reversed because of errors of the court in rulings or charge.

In Error to the District Court of the United States for the Western Division of the Northern District of Ohio; John M. Killits, Judge.

Criminal prosecution by the United States against Addison D. Hobart. Judgment of conviction, and defendant brings error. Affirmed.

Herman R. Miller, of Toledo, Ohio (Denman, Kirkbride, Wilson & McCabe, of Toledo, Ohio, on the brief), for plaintiff in error.

Geo. E. Reed, Asst. U. S. Atty., of Toledo, Ohio (A. E. Bernsteen, U. S. Atty., of Cleveland, Ohio, and Wendell Keyser, Asst. U. S. Atty., of Crestline, Ohio, on the brief), for the United States.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

PER CURIAM. Hobart, a physician, was convicted in the court below, of dispensing morphine in violation of the Harrison Act (38 Stat. 785 [Comp. St. §§ 6287g–6287q]). He admitted prescribing large quantities, at frequent intervals, to a known addict. The trial was conducted throughout on the theory that the controlling question was whether Hobart was, in good faith, prescribing the morphine to a patient in an effort to effect a cure, or rather was using the form of prescription as a cover for sales. If the upholding of his conviction depended upon the due protection of his rights under this theory during the trial, we should be compelled to reverse it.

[1] The record contains suggestions that the respondent had been before the judge upon a former occasion, wherefrom the judge had acquired good reason to believe that the respondent's alleged patient

⊗⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

was a peddler, to whom respondent knowingly thus furnished a stock in trade. Hence it is not surprising that the judge should have felt impatient that respondent was reluctant to be convicted, and should have regarded respondent's appeal to technical rules as a rather contumacious obstruction of the course of justice; but no amount of such provocation can justify the assumption by the judge of an attitude other than impartial. Throughout the testimony and the charge the judge's belief that respondent was acting in bad faith, and that his prescription was a subterfuge, was made so evident that the jury could not fail to be constantly affected thereby.

[2] We do not disparage the power—and sometimes the duty—of the federal judge to assist the jury in reaching the right conclusion on the facts. This right, and its properly restrained exercise, strongly tend to make the federal trial courts efficient and dependable judicial machines; but the due restraint of its exercise is as important as the existence of the power. We recently pointed out instances within and others without the permissible scope of this exercise. Tuckerman v. U. S. (C. C. A.) 291 Fed. 958, 965; Wallace v. U. S. (C. C. A.) 291 Fed. 971, 974. The details of the present record in this respect need not be recounted. We cannot escape the conviction that a new trial would be necessary, except for the matter to be mentioned.

[3, 4] The case of U. S. v. Behrman, 258 U. S. 280, 288, 42 Sup. Ct. 303, 66 L. Ed. 619, destroys the theory of the defense upon the present trial. Since that decision, there is no possibility that conduct such as Hobart admitted, could be lawful. The patient was not under restraint. Hobart furnished to him, at frequent intervals and for self-administration, large quantities of morphine, though in quantities diminishing from one time to another; but the patient was at liberty to apply to other doctors and get as many other similar prescriptions as he could. In the case cited, the Supreme Court declared that this conduct by a physician was ipso facto violation of the law; and it has also said (Horning v. District, 254 U. S. 135, 138, 41 Sup. Ct. 53, 65 L. Ed. 185), that, where the guilt of the respondent so fully appears that the jury could not rightfully have rendered verdict of acquittal, the conviction should not be reversed on account of a charge which practically directed the jury what to do. See, also, Bray v. U. S. (C. C. A. 4) 289 Fed. 329.

The judgment and sentence are affirmed.