## SIMMONS v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. July 2, 1924.)

No. 4015.

1. **Criminal law ⬩⟹569—Defense of entrapment not seriously considered.**

Where, in nine months, defendant, a physician, gave 108 persons 4,095 prescriptions, calling for 79,592 grains of morphine, his volume of business conclusively shows his intent, and defense of entrapment need not be seriously considered.

2. **Criminal law ⬩⟹1165(1)—Conviction of one plainly guilty not reversed for minor errors.**

Where defendant was plainly guilty, a conviction will not be set aside, even if there were errors which would require a reversal in a doubtful case.

3. **Criminal law ⬩⟹37—Entrapment not shown.**

In a prosecution under the Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q), that prescriptions were given to addict, who was in pay of government, acting as a detective, *held* not to show forbidden entrapment.

4. **Poisons ⬩⟹4—Requiring patients to produce certificates under Tennessee statute, conflicting with federal act, held no defense.**

That physician required his patients to produce a certificate that they were afflicted with incurable diseases, as required by Acts Tenn. 1919, c. 105, and regulations thereunder, *held* not to constitute exculpatory good faith, within Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q), as state law conflicts with federal act.

In Error to the District Court of the United States for the Nashville Division of the Middle District of Tennessee; Xenophen Hicks, Judge.

J. W. Simmons was convicted of violating the Harrison Anti-Narcotic Act, and he brings error. Affirmed.

A. M. Tillman, of Nashville, Tenn. (Tillman & McCall, of Nashville, Tenn., on the brief), for plaintiff in error.

Howard B. Shofner, Asst. U. S. Atty., of Nashville, Tenn. (A. V. McLane, U. S. Atty., of Lewisburg, Tenn., on the brief), for the United States.

Before DENISON and DONAHUE, Circuit Judges, and TUTTLE, District Judge.

DENISON, Circuit Judge. [1, 2] Dr. Simmons, a practicing physician at Nashville, Tenn., was convicted of furnishing morphine in violation of the Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q). It appeared that during the period of nine months he had given to 108 persons, all of whom were morphine addicts, a total of .

---

⬩⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4,095 prescriptions, calling for 79,592 grains of morphine. It was his custom to recognize 8 grains per day as a maximum, and to give prescriptions intended to cover this supply for a period of six days. The case was tried shortly after the decision in U. S. v. Behrman, 258 U. S. 280, 42 Sup. Ct. 303, 66 L. Ed. 619, and, although that case is referred to in the record, the trial does not seem to have been conducted upon the theory of the statute which that case established. Under that theory, and upon the undisputed facts, as stated by Dr. Simmons himself as a witness in his own behalf, he was plainly guilty, and, as we said in the recent similar case of Hobart v. U. S., 299 Fed. 784, decided May 16, 1924, a conviction in such a case will not be set aside, even if there were errors which would require reversal in a doubtful case.

[3] Complaint is made that, as to the particular matters specified in the counts upon which conviction was had, the case made was one of entrapment. The prescriptions were given to an addict who was in the pay of the government, and acting in fact as a detective. The record does not show any forbidden entrapment, as that has recently been discussed by us. Billingsley v. U. S., 274 Fed. 86, 89; Browne v. U. S., 290 Fed. 870, 873. Indeed, the conceded volume of the defendant's business of this type is so conclusive of his intent that the entrapment defense does not call for serious consideration.

[4] After the passage of the Harrison Act, it was believed by some that a physician continued to be at liberty to prescribe for morphine addicts sufficient quantities to keep them comfortable, and to make each prescription sufficient in size to cover a substantial time during which the morphine might be self-administered by patients who were not under restraint. Apparently with this view of the law, the Tennessee Legislature passed chapter 105 of the Acts of 1919, which provided, among other things, expressly that, to a patient incurably addicted to the use of morphine, a physician might prescribe a 30-day supply of not exceeding 8 grains per day. He might do so if the patient presented a health officer's certificate showing that the patient was thus incurably addicted. Under this statute the state board of health adopted rules and regulations providing that a local health officer, or a delegated physician, might make these certificates of incurability. Although the state statute and these regulations plainly provide that it was the person incurably addicted to the use of the drug who might obtain this 30-day supply, yet, in the hopeless endeavor to avoid conflict with the federal law, regulation No. 7 was made to provide, "in line with the construction put upon the Harrison law by federal authorities, the words 'incurably addicted,' as used in section 1 of the state law, are hereby construed to mean and apply only to narcotic addicts affected with incurable diseases or infirmity of age." In pursuance of this statute and rule, Dr. Simmons made it his practice, though not the invariable one, to require his patients to bring from a health officer or some physician a certificate that they were afflicted with "incurable diseases," such as asthma, rheumatism, tuberculosis, gastritis, Bright's disease, cancer, etc. The trial was largely devoted to the question of good faith under these certificates and under this state law. There was nothing of substance to this defense. This pro-

vision of the state law was manifestly in conflict with the Harrison Act as interpreted in the Behrman Case, and no amount of compliance with the state law and regulations could be of any avail in such a prosecution as this. Exculpatory good faith cannot rest on such a basis. Such a situation might or might not induce leniency in the sentence, depending upon other considerations also.

On review of the numerous assignments of error, we find none of substance that does not depend for its importance upon these questions of entrapment or of good faith. All others relate to matters which would not, in any event, justify reversal.

The judgment is affirmed.