## MITCHELL v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. February 3, 1925.)

No. 4219.

1. **Criminal law ⟂984—Sentences running concurrently on two counts sustained, if one is good.**

Where sentences on several counts of indictment run concurrently, and sentence on any one count is sustained, it is immaterial whether sentence on another count is good.

2. **Poisons ⟂9—Indictment charging registered physician sold narcotics in violation of Harrison Act held defective.**

Indictment for selling narcotics in violation of Harrison Act (Comp. St. §§ 6287g–6287q), alleging that accused was duly registered physician, but not alleging that his disposition of narcotics was not in course of his professional practice, held defective.

3. **Poisons ⟂9—Indictment charging sale of narcotics by physician held sufficient, without showing filling of prescription.**

Indictment alleging that physician unlawfully sold, dispensed, and distributed morphine in issuing prescriptions not in course of his professional practice held sufficient, without alleging prescription was filled, since allegation of sale implies completed act.

4. **Criminal law ⟂32—Physician punishable for issuing prescriptions for narcotics, though believing it was lawful.**

If physician, who issued prescriptions for narcotics in violation of Harrison Act (Comp. St. §§ 6287g–6287q), on production of certificate required by Tennessee statutes, was entitled to any leniency because of belief of leading physicians in his community that such method was lawful, it must come from Executive Department.

In Error to the District Court of the United States for the Middle District of Tennessee; Paul Jones, Judge.

T. A. Mitchell was convicted for selling narcotics in violation of the Harrison Act, and he brings error. Affirmed.

A. M. Tillman, of Nashville, Tenn. (Tillman & McCall, of Nashville, Tenn., on the brief), for plaintiff in error.

Howard B. Shofner, Asst. U. S. Atty., of Nashville, Tenn. (A. V. McLane, U. S. Atty., of Nashville, Tenn., on the brief), for the United States.

Before DENISON, MACK, and DONA-HUE, Circuit Judges.

DENISON, Circuit Judge. [1, 2] Mitchell, who was a physician, was convicted under five counts for selling narcotics in violation of the Harrison Act (Comp. St. §§ 6287g–6287q). He was sentenced to imprisonment for two years upon each count; but the sentences were to run concurrently. It follows that if the sentence upon any one count is sustained, it is practically immaterial whether it is good under another count. However, for such effect, if any, as it may have, we point out that we think counts 1 and 2 are insufficient, and that the convictions and sentences on both these counts must be set aside. They expressly allege that Mitchell was a physician, and was duly registered as such under the Harrison Act, and do not allege that his disposition of the narcotic stated was not made to a patient and in the course of the doctor's professional practice. While it would not be necessary to negative this matter of lawfully dispensing in the course of professional practice, if the counts had not already carefully shown that the respondent was a registered physician, yet, when this was made to appear, it then became necessary to negative, not an exception to something already stated, or an exception found in the act, but an inference naturally to be drawn from the facts which had been stated; and, as it has been decided that the giving of a prescription is participating in the sale made by the filler, we cannot draw the necessary inference of nonprescription from the mere fact that the count alleged selling.[1]

[3] The other three counts are not open to this objection; nor are they defective because they do not allege that the prescriptions were filled. They say that respondent, being a physician, sold, dispensed, and distributed morphine in the following manner: That he issued a prescription therefor, not in the course of his professional practice. A doctor who issues a prescription, which is filled, thereby participates in or aids and abets a sale. The allegation of sale or delivery implies a completed act, and when it is said that there was a sale through a prescription, it is, in effect, said that the prescription was filled.

[4] A violation of the law, as it has now been authoritatively construed in the Behrman Case, 258 U. S. 280, 42 S. Ct. 303, 66 L. Ed. 619, appears without dispute, by Dr. Mitchell's own statement as a witness for himself. (See our recent decisions in the Hobart and Simmons Cases, 299 F. 784, and 300 F. 321.) At the time of the passage of the Harrison Act, it was believed by at least some reputable physicians that morphine addiction was a disease; that it was proper, in the treatment of this disease and to relieve pain and suffering, to prescribe morphine in limited quantities for these addicts; that to furnish the addict with a limited quantity of morphine for recurrent self-administration, even when the patient was not confined, was within the discretion of the physician; and that for a physician to furnish morphine in this way to an addict, when the physician in good faith believed it was necessary thus to treat the disease and relieve suffering, was a practice which was intended to be permitted by the express exemption found in the Harrison Act. In accordance with this idea, the Tennessee Legislature passed the law referred to in our former opinion (Simmons v. United States, 300 F. 322), intending to provide a system by which physicians who desired to do this kind of professional business, would be measurably protected by what was, in effect, an official certificate that the morphine was necessary.

As the construction of the Harrison Act was developed by successive Supreme Court decisions, it became apparent that this method was not within the stated exception, and that the practices approved of by some reputable physicians and expressly contemplated by the Tennessee statute were ipso facto violations of the Harrison Act. Though the acts charged in the indictment were done some months after such ambiguity as there was in the statute had been finally clarified by the Supreme Court, this situation would seem not to have been generally understood in Nashville, as there were offers to show by many of the leading physicians of Nashville that the methods claimed by Dr. Mitchell to have been his methods under the theory of the Tennessee statute were then considered by the medical profession to be lawful and reputable. On the other hand, there is evidence which, if believed, would have justified the jury in

[1] In the Loewenthal Case, 274 F. 563, 565, our opinion does not show whether the indictment alleged respondent to be a physician.

finding' that Dr. Mitchell did not in good faith preserve even the Tennessee restrictions; the jury did not specifically find on these subjects. If the defendant is entitled to any leniency on account of this situation, it must come from the Executive Department. This court must affirm the conviction and sentence, as to counts 3, 4, and 5.