**MEARS v. UNITED STATES.**
**No. 5458.**

Court of Appeals of the District of Columbia.

Argued Dec. 7, 1931.

Decided Jan. 18, 1932.

VAN ORSDEL, Associate Justice, dissenting.

James A. O'Shea and John H. Burnett, both of Washington, D. C., for appellant.

Leo A. Rover, U. S. Atty., and John J. Sirica, Asst. U. S. Atty., both of Washington, D. C.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appellant was convicted in the Supreme Court of the District of the crime of carnal knowledge.

The complainant was born January 8, 1916. In September, 1930, she lived at 1246 Sixth Street Southwest, next door to defendant. She was then under 15 years of age. The defendant was 21 years old when he came to Washington; when that was does not appear. According to the testimony of complainant, which the jury evidently accepted as true, she went riding with defendant in his automobile on the evening of September 29, 1930, when an act of intercourse occurred. Complainant had been out with the defendant in the same automobile before, the first time in April, 1930; she went out with him after September 29, 1930. In January, 1931, she was examined by a physician. Her testimony indicated that she was pregnant at the time she was examined. The physician testified to the fact of pregnancy.

Defendant denied that he was with the complainant on the 29th or that he had ever had any improper relations with her. He admitted that she "had been in his car on a few occasions" when he had seen her on the street; that he had known her about nine months.

During the cross-examination of complainant, she was asked whether she did not say to a Miss Payne "during the month of August, 1930, that she, the witness, Miss Brown, was crazy about the defendant Mears but that he would have nothing to do with her." Counsel for the government objected, and the court sustained the objection. This ruling is assigned as error.

The record discloses that counsel for the defendant had successfully objected to any evidence as to acts of intercourse before September 29. The complainant had merely testified that prior to that date she had been out with the defendant on a number of occasions.

In our view, the alleged statement to Miss Payne was not inconsistent with or contradictory of the testimony of the complaining witness concerning the relations of herself and the defendant prior to September. She had not testified to acts of intercourse prior to September 29. The defendant admitted that she had been in his car on a number of occasions prior to that time, and her testimony was substantially to the same effect. It is, we think, clear that there was no abuse of discretion on the part of the learned trial court in sustaining the government's objection. Blitz v. United States, 153 U. S. 308, 14 S. Ct. 924, 38 L. Ed. 725; Arnstein v. United States, 54 App. D. C. 199, 296 F. 946, cert. den. 264 U. S. 595, 44 S. Ct. 454, 68 L Ed. 867.

At the close of the cross-examination of the complaining witness she became embarrassed and wept. As she left the stand, counsel for the defendant said, "There is one question we want to ask when she is composed." The court responded, "Whatever you have to ask, you better finish it." Counsel replied, "All right, we will ask her now." Whereupon she was recalled to the stand. Counsel then said: "Shall we ask it now or later?" The court responded: "We will wait now. I am not going to have her recalled after you are through." After the court had sustained the government's objection to testimony concerning the alleged remark to Miss Payne, the complaining witness was excused. After the examination of three more witnesses, the government rested.

Before the adjournment of the court three witnesses testified for the defendant. At the resumption of the trial the next day counsel for the defendant asked leave to recall the complainant and inquire of her "if she had had intercourse" with two named men "at or about the time of the alleged occurrence mentioned in the indictment." To the refusal of the court to grant this request the defendant objected and excepted.

Did this action of the court constitute an abuse of discretion? Counsel had been dis-

tinctly cautioned by the court that they must complete the cross-examination of the complaining witness before she was excused, and that the court would not "have her recalled." There is no contention that counsel were not then in possession of the information upon which they proposed to base this cross-examination, and, in view of their failure to state to the court that they were not then in possession of it, we must assume that they were. This is not a case, therefore, of newly discovered evidence.

The complaining witness had not, as in the Kidwell Case, 38 App. D. C. 566, "testified that she was guilty of similar conduct with no one else." She was not even interrogated as to that, nor was she interrogated as to who was responsible for her pregnancy. As we have seen, she was prevented by objection of counsel for the defendant from testifying to more than one act of intimacy with the defendant. These circumstances distinguish this case from the Kidwell Case.

It is a familiar rule that the order of proof and the general conduct of the trial is within the sound discretion of the trial court, and not reviewable by an appellate court unless abuse of discretion is clearly shown. Hardy v. Wise, 5 App. D. C. 108; Raub v. Carpenter, 17 App. D. C. 505; Id., 187 U. S. 159, 23 S. Ct. 72, 47 L. Ed. 119; Branscum v. State, 134 Ark. 66, 203 S. W. 13; State v. Schuman, 89 Wash. 9, 22, 153 P. 1084, Ann. Cas. 1918A, 633. In the circumstances of the present case we are satisfied that there was no abuse of discretion on the part of the trial court in refusing to permit the recall of the complaining witness.

The judgment therefore is affirmed.

Affirmed.

VAN ORSDEL, Associate Justice, dissents.