## McCLOUD v. UNITED STATES.
### No. 6950.

Circuit Court of Appeals, Sixth Circuit.
Feb. 14, 1935.

Hobart Atkins, of Knoxville, Tenn. (J. H. Doughty, of Knoxville, Tenn., on the brief), for appellant.

Ernest F. Smith, of Morristown, Tenn. (James B. Frazier, Jr., and Robert T. Kennerly, both of Knoxville, Tenn., on the brief), for the United States.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Appellant was indicted under the provisions of title 18 USCA § 408, the National Motor Vehicle Theft Act. The indictment charged him in Count 1 with transporting and causing to be transported in interstate commerce a Chevrolet coupé, motor number 2978728, knowing it to have been stolen, and in Counts 2, 3 and 4 with receiving, concealing and storing the same Chevrolet coupé, which was then and there moving as, and which was a part of, and which constituted interstate commerce, knowing it to have been stolen; in Counts 5, 6 and 7, with receiving, concealing and storing a Chevrolet roadster, motor number 3177944, which was then and there moving as, and which was a part of, and which constituted interstate commerce, knowing the same to have been stolen; and in Counts 8, 9 and 10, with receiving, concealing and storing a five-passenger Chevrolet coupé, motor number 3087444, which was then and there moving as, and which was a part of, and which constituted interstate commerce, knowing the same to have been stolen. The jury found appellant not guilty upon Counts 7 and 10, but found him guilty upon all the others.

The stealing of these automobiles and their recovery is not controverted.

The main contention of the appellant is that there is no substantial evidence to sustain the conviction. We think that the record presents such evidence as to Counts 1, 2, 3 and 4 of the indictment.

The Chevrolet coupé was stolen upon October 12, 1933, in Chicago, Illinois, and was recovered in Knoxville, Tennessee, upon November 12, 1933. Appellant lives in Knoxville. The car was registered in the name of A. B. Cox in Knox County, Tennessee, upon October 18, 1933.

The coupé was delivered to McCloud in Chicago by Harry Wolf, witness for the Government, a resident of Chicago, who testified that in October, 1933, McCloud met him there and asked him for a car. Wolf asked McCloud, "What do you want, a hot or cool car?" and McCloud said, "I don't care." Wolf then said, "I will see if I can make some connections." Appellant said he would not pay over $30 for a car. Wolf set out for a car, and obtained the Chevrolet coupé, for which appellant paid him $25. He delivered the car to appellant without license plates. Wolf said he did not drive the car to Tennessee, but that he later saw it in Knoxville, bearing Tennessee license plates.

Appellant admits that he obtained the automobile from Wolf, and says that he paid him $25, but claims that he paid Wolf $200 more on it at a later time. He disposed of it at the Norris Used Car Lot in Knoxville for $285.

Appellant told conflicting stories, stating first that he knew nothing about the car, later that he bought the Chevrolet coupé from a man named Cox, and again that he bought it in Knoxville from Wolf. When the car was recovered the motor number had been changed.

As to Counts 5 and 6 of the indictment, which deal with the Chevrolet roadster, there is no substantial evidence to justify a conviction. Wolf himself testified that he did not tell appellant where he obtained the roadster, and that appellant had nothing to do with it. While Wolf was evasive in his statements concerning this car, there is no substantial evidence to connect appellant with the roadster.

With reference to Counts 8 and 9, which relate to the five-passenger Chevrolet coupé, the evidence upon these counts is also unsubstantial. Wolf said that he left it with appellant, who stated that he had a buyer for it, but that he (Wolf) said nothing to appellant as to where he got the car. It was placed temporarily in appellant's driveway, and was recovered upon November 10, 1933, parked upon a street in Knoxville.

It was error to submit to the jury the question of appellant's guilt under Counts 5, 6, 8 and 9 of the indictment. The conviction and sentence on these counts must be set aside. The conviction on Counts 1, 2, 3 and 4 is sustained, and the sentence be-ing supportable on these counts, it is also sustained. Mitchell v. United States, 3 F.(2d) 514 (C. C. A. 6).