**COUPE et al. v. UNITED STATES.**
No. 7446.

United States Court of Appeals for the
District of Columbia.
Decided April 8, 1940.

Petition for Rehearing Denied
April 18, 1940.

Writ of Certiorari Denied June 3, 1940.
See 60 S.Ct. 1105, 84 L.Ed. ——.

Denny Hughes and Fred W. McConnell, both of Washington, D. C., for appellants.

David A. Pine and William S. Tarver, both of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and EDGERTON and RUTLEDGE, Associate Justices.

RUTLEDGE, Associate Justice.

Defendants appeal from conviction under an indictment charging them with promoting a lottery and with knowingly possessing lottery materials.[1] The questions raised on the appeal relate to the admissibility of evidence, the propriety of the sentences imposed, and the court's conduct of the trial.

The arresting officers testified that they obtained information from a source which they had found to be reliable that defendant Coupe was engaged in the "numbers racket," using his Lincoln Zephyr automobile to collect numbers slips at various points in the Georgetown section of the District. Acting on this information, the officers went to one of the places where Coupe was reported to be in the habit of collecting slips each week day at 12:45 to 1:00 p. m., and saw the described automobile proceeding in a manner consistent with the information. They followed at a short distance. When Coupe's automobile stopped an intervening automobile went around it, and the officers saw defendant Lynch approach Coupe carrying a brown paper bag, obtain the key to the rear compartment from Coupe, open the compartment and place the bag in it. The officers testified that they then saw in the rear compartment of defendant's automobile a large carton, which was torn so that they could see that it contained paper pads which looked like those used in writing numbers. One of the officers testified that after they had taken the car to police headquarters he observed through a "crack beneath the closed door of the glove compartment on the dashboard" some papers which appeared to be numbers slips. A search of the car disclosed numbers slips in the glove compartment, and in a bag and carton in the rear compartment. Defendants moved to suppress all evidence obtained by this

[1] In violation of D.C.Code (Supp. V) tit. 6, §§ 151, 151a.

search, contending that the officers could not have seen the carton in the rear compartment from their position because of the intervening car and because of a spare tire which they said was in an upright position on the back of Coupe's car obstructing the view of the interior of the compartment. The motion was overruled. At the trial defendants renewed their objection to the evidence, but it was admitted.

Defendants moved for a directed verdict at the conclusion of the Government's evidence, but the motion was overruled. Defendants then offered in evidence two photographs of a Lincoln Zephyr automobile to show the position of the spare tire when the door of the rear compartment was open. Defendants called a salesman of Lincoln Zephyr automobiles to testify that the pictured car was of the same model and type as Coupe's, and that when the rear compartment door was open the spare tire would be in the position pictured. However, defendants did not prove at that time that Coupe's car had a spare tire. The prosecution objected to admission of the pictures on the ground that no proper foundation had been laid. The objection was sustained. Defendants later introduced evidence to show that Coupe's car had a spare tire, but did not again offer the pictures in evidence.

Lynch did not testify. Coupe produced six character witnesses, and also testified in his own behalf. Counsel sought to question these witnesses not only on Coupe's general good character, but also on his reputation for truth and veracity. Upon objection by Government counsel, the witnesses were not allowed to answer concerning Coupe's truthfulness and veracity.

At the close of their evidence, defendants moved for a directed verdict on both counts of the indictment, and also on each count, contending that there was insufficient legal evidence to convict, and that the counts stated a single offense on which only one conviction could be had. The motion was overruled. The court then instructed the jury, among other charges, that evidence of good character alone might be sufficient to create a reasonable doubt of guilt, that the jury was to determine whether defendants' evidence was of such a character, and that "even if it was not of so high a grade, still it was important evidence on behalf of the defendant—that is, evidence of good character is persuasive, but not compulsory." The parties agreed to a sealed verdict. After the jury had deliberated about an hour, the court recalled them for instructions on how to return such a verdict. The court at that time also delivered the so-called "Allen charge,"[2] with the consent of the prosecutor and an office associate of defense counsel. The jury found each defendant guilty as to both counts of the indictment, and the court sentenced Coupe to six months to a year and a day in the penitentiary on the first count and six months on the second count, the sentences to run concurrently; and Lynch received concurrent sentences of three to six months on the first count and five months on the second count.

Defendants say that the evidence which the officers obtained by searching the car was illegally obtained and should have been suppressed. An automobile may be searched without a warrant if the officers have "probable cause" to believe that contraband is concealed in it.[3] Otherwise the unlawful goods could be transported readily beyond the reach of process.[4] "Probable cause" necessarily varies with the circumstances since it is measured by the judgment of a "man of reasonable caution."[5] Knowledge or a well-founded belief that a man is engaged in the business of transporting contraband has been held sufficient where the officers found the man travelling on the route which they knew or believed he customarily followed while pursuing his illicit trade.[6] Discovery of the automobile and persons described in a "tip" from a source known to be reliable, at the place indicated by the informant, is at least significant, if not suf-

---

[2] The "Allen charge" is the instruction approved in Allen v. United States, 1896, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528, advising jurors to have deference for each other's views.
[3] Carroll v. United States, 1925, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790; Husty v. United States, 1931, 282 U.S. 694, 51 S.Ct. 240, 75 L.

Ed. 629, 74 A.L.R. 1407; cf. Scher v. United States, 1938, 305 U.S. 251, 59 S.Ct. 174, 83 L.Ed. 151; United States v. Blich, D.C.Wyo., 1930, 45 F.2d 627.
[4] Carroll v. United States, 1925, 267 U.S. 132, 45 S.Ct. 280, 288, 69 L.Ed. 543, 39 A.L.R. 790.
[5] Ibid.
[6] Ibid.

ficient.[7] We·need not decide whether the officers' information from "a reliable source," together with finding defendants and their automobile as described in the place indicated by the informant, would be sufficient, without more, for "probable cause." The officers testified that they had further cause, as they saw a carton of numbers pads in the back of the car and some slips in the glove compartment. Defendants claim that this story is improbable, if not impossible, but the trial judge, who observed the witnesses, evidently believed it. Even if we were inclined to doubt the story, we would be bound to accept the trial court's finding on this disputed evidence.[8] It does not appear from the pictures offered in evidence by defendants that it would be impossible to see a carton of numbers pads placed in the rear compartment of the automobile. The position of the spare tire would cause some obstruction to vision, but there° are spaces on the sides and above the tire where a large carton would be visible. We certainly cannot say as a matter of law that it would have been impossible for the officers to see what they said they saw. There was, therefore, no error in admitting the evidence.

■ Defendants say that the sentences imposed are erroneous in that the two counts of the indictment charged the same offense. The argument is that the statute makes "possession, knowingly," of lottery materials a misdemeanor,[9] while it also makes "possession" of such materials "prima-facie evidence" that the possessor is guilty of the felony of promoting a lottery.[10] In prosecuting defendants for both the felony and the misdemeanor,· the Government proved only "knowing possession." Hence, it is said, convictions of both offenses amount to two convictions for "knowing possession." It is to be noted that the misdemeanor requires knowledge, whereas the "possession" which constitutes

prima facie evidence of the felony need not be with knowledge: We need not decide whether this distinction renders the offenses so different that conviction of the felony does not "include" conviction of the misdemeanor. It is sufficient to dispose of defendants' contention to note that the sentences are to run concurrently, that the longest sentence imposed on each defendant is based on a valid count of the indictment, and that the conviction is supported by the evidence.[11] Defendants do not suggest that the first count of the indictment is defective, or that the evidence is insufficient to convict under that count; and clearly the sentences are within the maximum penalty for the offense there charged. Thus, defendants were not prejudiced even though it be assumed that the second count charged an offense "included" within the first.

■ The remaining assignments of error may be disposed of briefly. It was not error to exclude the photographs proffered by defendants. At the time they were offered, defendants had proved only that the model of automobile pictured was the same as Coupe's. They had not proved that Coupe's automobile had a spare tire, nor had they proved the other matters usually required as foundation for admission of photographs. The order of proof is within the discretion of the trial judge.[12] Furthermore, as noted above, it does not appear that the pictures would have been persuasive in impeaching the officers' story.

■ At the start of the trial, defendants requested a continuance in order that they might obtain a stenographer. They assign as error the court's refusal to grant their request. The granting of continuances is within the discretion of the trial court.[13] A continuance had previously been granted defendants for the same reason, and the trial had otherwise been delayed. We think there was no

[7] Husty v. United States, 1931, 282 U. S. 694, 51 S.Ct. 240, 75 L.Ed. 629, 74 A.L.R. 1407.

[8] Marsh v. United States, 2 Cir., 1928, 29 F.2d 172, appeal dismissed, 1928, 277 U.S. 611, 48 S.Ct. 563, 72 L.Ed. 1015.

[9] D.C.Code (Supp. V) tit. 6, § 151a.

[10] Id., § 151.

[11] Claassen v. United States, 1891, 142 U.S. 140, 12 S.Ct. 169, 35 L.Ed. 966; United States v. Trenton Potteries Co., 1927, 273 U.S. 392, 401, 402, 47 S.Ct.

377, 71 L.Ed. 700, 50 A.L.R. 989; Taran v. United States, 8 Cir., 1937, 88 F.2d 54; Little v. United States, 8 Cir., 1937, 93 F.2d 401; cf. Chepo v. United States, 3 Cir., 1930, 46 F.2d 70; McCloud v. United States, 6 Cir., 1935, 75 F.2d 576.

[12] Mears v. United States, 1932, 60 App.D.C. 387, 55 F.2d 745.

[13] Tomlinson v. United States, 1937, 68 App.D.C. 106, 93 F.2d 652, 114 A.L. R. 1315, certiorari denied, 1938, 303 U. S. 646, 58 S.Ct. 645, 82 L.Ed. 1107.

abuse of discretion in refusing to delay it further. Moreover, defendants have not shown that they were prejudiced in any way by the absence of a stenographer.[14]

 It was not error to exclude defense testimony concerning Coupe's reputation for truth and veracity. The only possible purpose of such testimony would be to reëstablish the trustworthiness of a witness who had been impeached. It is conceded that Coupe's credibility had not been questioned at the time this evidence was excluded. Furthermore, the record is silent concerning the nature of Coupe's testimony. As far as can be ascertained from it, the defense was wholly technical, constituting not a denial of the fact that the offense actually was committed, but only that it was not legally proved. In the absence of a showing of substantial conflict between Coupe's testimony and the evidence offered by the prosecution concerning the merits, it is not apparent how any issue concerning his veracity, had it been raised, could have been important. Exclusion of the evidence tendered, therefore, was neither prejudicial nor erroneous.

 Defendants' claim that the conduct of the trial was biased is founded on the court's admonitions to defense counsel to avoid leading questions. The propriety of the rulings is not questioned; the court's tone of voice cannot be reviewed on appeal.

 The instruction concerning the weight to be given character testimony is clear and states the law correctly.[15] Defendants contend that the court erred in recalling the jury to deliver the "Allen charge." [16] As has been said, the charge was given with the consent of counsel. Furthermore, it is not suggested that the Allen instruction is erroneous, but simply that it was error to recall the jury to deliver it. It is well established that a court need not wait for the jury to request more instructions, but may recall them at any time.[17] We cannot see how defendants could have been prejudiced by the court's action. The judgment is affirmed.

[14] Cf. Home Fire Insurance Co. v. Johnson, 1894, 43 Neb. 71, 61 N.W. 84; Schoenfeldt v. State, 1892, 30 Tex.App. 695, 18 S.W. 640.

[15] Cf. Jones v. United States, 1923, 53 App.D.C. 138, 289 F. 536; Kinard v. United States, 1938, 68 App.D.C. 250, 96 F.2d 522.

[16] See supra note 2.

[17] Allis v. United States, 1894, 155 U. S. 117, 15 S.Ct. 36, 39 L.Ed. 91; Dwyer v. United States, 2 Cir., 1927, 17 F.2d 696.