William DELANEY, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 3220, 3221.

District of Columbia Court of Appeals.

Submitted March 25, 1963.

Decided April 19, 1963.

---

Dovey J. Roundtree, Eugene Roberson and George F. Knox, Sr., Washington, D. C., for appellant.

David C. Acheson, U. S. Atty., Frank Q. Nebeker, Barry I. Fredericks and Lawrence Schaffner, Asst. U. S. Attys., for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

Appellant Delaney was convicted on charges of assault, Code 1961, § 22–504, and petty larceny, Code 1961, § 22–2202. At the same trial a co-defendant was convicted of the same offenses, and a second co-defendant was convicted of the same of-

fenses and also on a charge of carrying a concealed weapon. There was no appeal by those defendants, and the case is here on Delaney's appeal.

His first claim of error is the failure of the trial court to provide a reporter to record the testimony at the trial. The record discloses that before the start of the trial, the court inquired as to whether a reporter was desired and the then counsel for defendant replied that none was necessary. After conviction new counsel appeared and filed a motion for new trial, supported by appellant's affidavit reciting that his former attorney had failed to comply with his insistent request that the testimony be recorded. The case has been brought here on an approved statement of evidence, as authorized by our Rules, which recites the testimony of each witness in great detail. There is nothing to indicate that such statement is incomplete or defective, or fails to give an accurate narration of what happened at the trial. The rights of appellant have not been prejudiced in any way. Coupe v. United States, 72 U.S.App. D.C. 86, 113 F.2d 145, cert. denied, 310 U.S. 651, 60 S.Ct. 1105, 84 L.Ed. 1417.

Nor can we sustain the claim that the judgment of conviction was against the weight of the evidence. Three witnesses testified that appellant and his two co-defendants surrounded the automobile of the complaining witness and forced him to stop; that one of the defendants pointed a gun at the occupants of the car; that Delaney struck the complaining witness in the face while he was still seated in the car, and after he fell or was pulled from the car Delaney and another defendant continued to beat him. The complaining witness said that during the assault his billfold was taken from his back pocket. Appellant admitted having engaged in a "scuffle," in which he said the complaining witness "was getting the better of him" until one of the co-defendants came to his rescue. He denied taking any property or money out of the pocket of the complain-

ing witness. The two co-defendants did not testify.

Despite the denials, the trial court was fully justified in concluding that appellant had inflicted a vicious and deliberate beating on the complaining witness. The record reveals no error.

Affirmed.