Charles I. WILLIAMSON and Robert M. Williamson, Appellants,

v.

UNITED STATES, Appellee.

No. 3938.

District of Columbia Court of Appeals.

Argued Oct. 3, 1966.

Decided Nov. 28, 1966.

Lawrence E. Smith, Washington, D. C., for appellants.

Edward T. Miller, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

This is an appeal from convictions of false pretenses.[1] Three errors are assigned.

■ First, it is contended that appellants were arrested on a warrant issued without probable cause. In our opinion the record discloses ample probable cause for issuance of the warrant. Moreover, the court's jurisdiction over appellants would not have been impaired even if they had been brought into court in an unlawful manner.[2] No evidence obtained as a result of the arrest was adduced at trial.

■ Second, it is claimed that the evidence did not support the convictions. Without detailing the evidence, it is sufficient to say that the evidence showed appellants obtained from the complaining witness a check for $150 which they knew was drawn against insufficient funds; later they falsely represented to complaining witness that the check had been cashed at a clothing store with a warning from the store that complainant would be prosecuted if the check was not honored; and thereafter they falsely represented that the store manager had said the check had been dishonored and the police would be notified if the check was not immediately covered. Because of such false representations complainant cashed certain United States Treasury bonds and turned over $150 to appellants. Appellants appear to argue that the representations did not relate to a past or existing fact and therefore could not constitute a false pretense;[3] but it is plain that the representations here related to past events, namely, what had been done with the check and what the store manager had said would be done.[4]

1. D.C.Code 1961, § 22–1301.

2. Green v. United States, 88 U.S.App.D.C. 249, 188 F.2d 48, cert. denied, 341 U.S. 955, 71 S.Ct. 1008, 95 L.Ed. 1376 (1951).

3. See Chaplin v. United States, 81 U.S. App.D.C. 80, 157 F.2d 697, 168 A.L.R. 828 (1946).

4. The store manager testified that the check had not been cashed at the store and he had never had any conversation with appellants concerning a bad check.

Third, appellants claim they were denied due process of law because the trial was not stenographically reported and that on this appeal they have to rely on a statement of proceedings and evidence. This claim must be placed in its proper perspective. Appellants were represented at trial by retained counsel, a lawyer experienced in both trial and appellate practice. He did not request that the case be officially reported,[5] or request a continuance until an official reporter was available, or request time to engage a private reporter.[6] After the case was tried appellants retained new counsel to prosecute an appeal. A statement of proceedings and evidence was prepared, approved by the trial court, and agreed to by counsel for the Government and the appellants' newly retained lawyer. After this had been completed, appellants retained a third lawyer, the present counsel.

■■■ We know of no authority holding that due process of law requires that all criminal trials be stenographically reported. If a defendant has a right of appeal, he must be assured of appropriate means to present his claims of error on appeal. A stenographic transcript is not the only means by which this can be done. Historically a statement of proceedings and evidence or a bill of exceptions in narrative form, fairly reflecting the purport of the testimony, has been acceptable.[7] Here we have a detailed statement of proceedings and evidence, over seven typewritten pages in length, approved as accurate by the trial judge and agreed to by appellants' then counsel. We see no basis for assuming, as present counsel asks us to do, that the statement of proceedings and evidence does not accurately reflect what occurred at trial.

■■■ Cases concerning the availability of transcripts for indigent defendants are not applicable here.[8] The record clearly establishes, and counsel has so stated, that appellants are not indigent. By failing to ask the trial court to provide an official reporter and by failing to make any effort to obtain a private reporter, appellants cannot nullify a valid trial by simply changing retained counsel on appeal.

Affirmed.

5. The trial court does not have a sufficient number of court reporters to report all cases.

6. As will be noted later appellants are not indigents and there is no showing they were without funds to engage a private reporter.

7. See Miller v. United States, 317 U.S. 192, 63 S.Ct. 187, 87 L.Ed. 179 (1942); Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593 (1957).

8. See Hardy v. United States, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964); Norvell v. State of Illinois, 373 U.S. 420, 83 S.Ct. 1366, 10 L.Ed.2d 456 (1963); Draper v. State of Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963); Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Tate v. United States, 123 U.S. App.D.C. ——, 359 F.2d 245 (1966).