Fletcher HOUSE and Sherman Brandon,
Appellants,

v.

UNITED STATES, Appellee.

No. 4301.

District of Columbia Court of Appeals.

Argued Sept. 27, 1967.

Decided Nov. 14, 1967.

---

H. Thomas Sisk, Washington, D. C., with whom M. Michael Cramer, Washington, D. C. (both appointed by this court), was on the brief, for appellants.

Thomas Lumbard, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and Richard M. Cahill, Asst. U. S. Attys., were on the brief, for appellee.

Theodore Wieseman, Asst. U. S. Atty., also entered an appearance for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

MYERS, Associate Judge:

Appellants here challenge their convictions for petit larceny [1] and larceny from interstate shipment.[2] Although they allege a number of errors arising out of their joint nonjury trial, they seek remand or reversal primarily on the ground that they, as indigents, were deprived of an effective right of appeal because the trial judge failed to *sua sponte* provide a court reporter to record the proceedings below.[3] They contend that the statement of proceedings and evidence, upon which this case comes before us, is not an adequate substitute, for purposes of appeal, for a transcript of the trial proceedings.

Initially appellants argue that although attorneys for both sides conferred with the trial judge for the purpose of settlement of the statement, the statement, as finally approved by the trial judge, was not acquiesced in by their trial counsel and differs in many respects from the one proposed by counsel. They complain especially of the omission from the statement that their trial was continued from the scheduled date to the following day "because a court reporter was not available."

Our examination of the record reveals that when the case was first called for trial on January 11, 1967, a court reporter was present. A transcript of these proceedings was not available at oral argument before us, but has since been filed of record here. It reflects that the case was continued not because there was no reporter in attendance, but because of the lateness of the day and the prospect that the trial would consume two to three hours. With agreement of counsel for both parties, trial was postponed until the following afternoon, when it was certified to and tried by another judge. He declined to include in the statement of proceedings and evidence that the trial had been continued "because a court reporter was not available" on the ground that he could not certify to the events of the preceding day of which he had no knowledge and which, even if true, were meaningless and unnecessary. We think this was proper.

When the case came on for trial on January 12, 1967, a reporter was not present. Appellants' then counsel did not request that a reporter be obtained, nor did he object to proceeding without one. Present counsel argue that the failure or inability of the trial judge to provide a reporter and thereby preserve the testimony, motions and rulings at trial, resulted in a denial to them, as indigents, of an equal right of appeal as demanded by due process of law, worked a disadvantage in exercising this right, and violated the clear mandate of Tate v. United States, 123 U.S. App.D.C. 261, 359 F.2d 245 (1966).

---

1. 22 D.C.Code § 2202 (1961 ed.).

2. 18 U.S.C. § 659.

3. Other claimed errors are not supported by the record, were not argued before us, and would not alter our decision.

Prior to *Tate,* in a series of cases,[4] the Supreme Court of the United States made it clear that the due process and equal protection clauses of the Fourteenth Amendment are violated when a defendant is denied his constitutional right of appellate review merely because he cannot afford to pay for the cost of a transcript. The dominant theme of these rulings is that an indigent convicted of a crime must be provided with means of presenting his contentions to an appellate court which are as good as those available to a nonindigent defendant with similar contentions, and if he has no funds with which to procure a transcript, his counsel is entitled to obtain a transcript at government expense.

■■ Due process of law does not require that all criminal trials be stenographically reported; but it does require that indigent defendants be afforded opportunities and facilities on appeal equal to those available to nonindigent defendants who are financially able to either pay for a transcript when an official reporter was in attendance at trial, or, in the event a reporter was unavailable, to engage a private reporter. Williamson v. United States, D.C.App., 224 A.2d 309, 311 (1966).

In Tate v. United States, supra, the standards for the provision of transcripts to indigent appellants were reviewed in detail in connection with their applicability to the District of Columbia Court of General Sessions and this court. As a guideline, it was suggested that where counsel on appeal is not the same as trial counsel, a complete transcript is necessary, and if no funds for a transcript are available, constitutional considerations may compel reversal of a conviction. The court acknowledged, however, that the guarantee of the availability of a transcript does not solve the problem of cases where no reporter was present during the trial court proceedings.

■ Although a verbatim transcript is unquestionably the most desirable method of preserving the events of trial, other methods are permissible if they place before an appellate tribunal an equivalent report. In this court, one vehicle of appellate review is the statement of proceedings and evidence prepared by trial counsel and approved by the trial judge. *Tate* points out that such a system of review has inherent disadvantages in terms of providing an accurate record of trial proceedings and suggests that there may be problems as to whether and to what extent this procedure satisfies the constitutional requirement that, in the absence of a transcript, the appellate court must be provided with a picture of trial proceedings reasonably equal to that furnished by a transcript. The court observed that Rule 82(b) of the Court of General Sessions specifies that the use of an official reporter is a matter for determination by the trial judge, taking into consideration "the nature of the case, the necessity or advisability of having an official transcript, and the availability of an official court reporter." It expressed the view that if there be a shortage of reporters, preference must be given to criminal proceedings, at least where prosecuted by the United States, because, although classified as misdemeanors, these cases are not petty offenses but serious crimes.

■ We have assessed appellants' contentions in the light of the dictates of *Tate.* Searching analysis leads us to the conclusion that the mandates of that case have not been violated and that appellants have not been deprived of the means of effective appellate review. *Tate* recognized the dif-

4. Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Eskridge v. Washington State Bd. of Prison Terms & Paroles, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269 (1958); Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1961); Draper v. State of Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963); Norvell v. State of Illinois, 373 U.S. 420, 83 S.Ct. 1366, 10 L.Ed.2d 456 (1963); Hardy v. United States, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964).

ficulties confronting the trial court in securing an adequate reportorial staff and the complex problems which arise because of the shortage of reporters, but we do not interpret it as requiring that every criminal defendant must have his trial stenographically reported, whether or not his counsel makes a request therefor. Neither do we interpret it as holding that if no transcript is available a defendant is *ipso facto* denied the right of an effective appeal and that his conviction must therefore be reversed. Where no objection is made by a defendant to proceeding to trial without a reporter, he waives his right to thereafter complain that the proceedings were not reported; and unless he makes a clear showing that the statement of proceedings and evidence is neither a fair nor accurate account of the trial proceedings, the statement will be accepted as a substitute for the transcript.[5] Such a rule is applicable whether or not appellant is indigent.

■ Although counsel for appellants allege that "the inadequacies in the Statement filed in this case makes argument on the assigned errors difficult if not impossible," they have not demonstrated how the alleged deficiencies foreclosed reasonable and proper argument before this court. On occasions we have found statements of proceedings and evidence to be inadequate, but the statement in this case presents in considerable detail the events of the trial, the testimony, and the rulings of the trial judge, and furnishes appellants' appointed counsel with a complete picture of the proceedings, adequate for developing an effective appeal.[6] Appellants may not complain that their lack of resources deprived them of an effective right of appeal, for a non-indigent appellant under the same or similar circumstances could neither expect nor obtain a better substitute for a transcript.

As we do not find that appellants were deprived of the constitutional guarantees of due process or equal protection of the laws or that there was prejudicial error affecting substantial rights, the judgments of the trial court are

Affirmed.

HOOD, Chief Judge (concurring):

I concur but add this observation. If appellants' contention is correct, then a defendant in a criminal case may proceed to trial without objecting to absence of a reporter, hoping to obtain an acquittal but assured of a new trial if found guilty. No defendant, indigent or otherwise, should have this privilege.

---

5. To avoid future claims of error of this nature, it is suggested that trial judges make a direct inquiry of an indigent defendant with assigned counsel as to whether a court reporter is desired.

6. For a like conclusion under similar facts, see Delaney v. United States, D.C.App., 190 A.2d 100, 101 (1963), citing Coupe v. United States, 72 App.D.C. 86, 113 F. 2d 145, cert. denied, 310 U.S. 651, 60 S.Ct. 1105, 84 L.Ed. 1417 (1940).