## ESKRIDGE *v.* WASHINGTON STATE BOARD OF PRISON TERMS AND PAROLES.

No. 96.   Argued May 19, 1958.—Decided June 16, 1958.

*Robert W. Graham,* acting under appointment by the Court, 354 U. S. 936, argued the cause and filed a brief for petitioner.

*John J. O'Connell,* Attorney General of Washington, argued the cause for respondent.   With him on the brief was *Haydn H. Hilling,* Assistant Attorney General.

PER CURIAM.

The Constitution of the State of Washington provides: "In criminal prosecutions, the accused shall have . . . the right to appeal in all cases . . . ."   Wash. Const., Amend. 10.   In 1935, after petitioner was convicted of murder in a Washington state court and sentenced to life

imprisonment, he gave timely notice of appeal to the Supreme Court of the State. Washington law authorizes a trial judge to have a stenographic transcript of trial proceedings furnished an indigent defendant at public expense "if in his opinion justice will thereby be promoted." Remington's Wash. Rev. Stat., 1932, § 42–5. Alleging substantial errors in his trial petitioner moved for a free transcript. The trial judge denied this motion, finding that "justice would not be promoted . . . in that defendant has been accorded a fair and impartial trial, and in the Court's opinion no grave or prejudicial errors occurred therein." Petitioner then moved in the State Supreme Court for writ of mandate ordering the trial judge to have a transcript furnished for the prosecution of his appeal. The Supreme Court denied this petition and simultaneously granted the State's motion to dismiss petitioner's appeal for failure to file a certified "statement of facts" and "transcript of record." In 1956 petitioner applied for habeas corpus in the Washington Supreme Court charging that failure to furnish a free transcript of the proceedings had violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution. His petition was denied without opinion and we granted certiorari. 353 U. S. 922.

In this Court the State does not deny petitioner's allegations of poverty, the substantiality of the trial errors he alleges, or the necessity for him to have some record of the proceedings in order to prosecute his appeal properly. It does argue that petitioner might have utilized notes compiled by someone other than the official court reporter. Assuming that under some circumstances such notes could be an adequate substitute for a court reporter's transcript there is nothing in this record to show that any were available to petitioner, and the Washington courts appear to have proceeded on the

assumption that he could not effectively prosecute his appeal unless the motion for a free transcript was granted. The State concedes that the reporter's transcript from the 1935 trial is still available. In *Griffin* v. *Illinois*, 351 U. S. 12, we held that a State denies a constitutional right guaranteed by the Fourteenth Amendment if it allows all convicted defendants to have appellate review except those who cannot afford to pay for the records of their trials. We hold that Washington has denied this constitutional right here. The conclusion of the trial judge that there was no reversible error in the trial cannot be an adequate substitute for the right to full appellate review available to all defendants in Washington who can afford the expense of a transcript. We do not hold that a State must furnish a transcript in every case involving an indigent defendant. But here, as in the *Griffin* case, we do hold that, "[d]estitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts." *Griffin* v. *Illinois*, 351 U. S. 12, 19.

The judgment of the Washington Supreme Court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

MR. JUSTICE HARLAN and MR. JUSTICE WHITTAKER, believing that on this record the *Griffin* case, decided in 1956, should not be applied to this conviction occurring in 1935, would affirm the judgment.

MR. JUSTICE FRANKFURTER, not having heard the argument, took no part in the consideration or disposition of the case.