## No. 19,107.

RICHARD T. McKENNA *v.* HARRY C. TINSLEY, WARDEN, ETC.

(346 P. [2d] 584)

Decided November 23, 1959.

Plaintiff in error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. GERALD HARRISON, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error was petitioner for a writ of habeas corpus in the court below, and will be referred to herein as petitioner.

Petitioner was convicted of murder in the first degree and sentenced to life imprisonment on January 27, 1955. Following his sentence petitioner was granted ninety days in which to tender a reporter's transcript. No review of this conviction was attempted. On April 16, 1958, petitioner requested a free transcript covering his trial. This was denied and again in March 1959 he made a similar request which was also denied. Then in May 1959 he filed a petition for a writ of habeas corpus, which being denied, he brings the case here on writ of error.

Petitioner bases his application for the writ on the denial of a free transcript of the proceedings in his trial.

 It is plain that the denial of a request for a free transcript, even if timely made, (which in the instant case it was not) does not afford a basis for the issuance of a writ of habeas corpus. Petitioner neither attacks the jurisdiction of the court nor the sentence imposed upon him. In order to invoke the remedy of habeas corpus, adequate grounds must be alleged. No such grounds appear here.

 A person seeking a writ of habeas corpus must present a question of the court's jurisdiction of the person, or its jurisdiction of the accusation made against him, or where the question is whether the judgment and sentence are within the prescribed statutory limits. Habeas corpus can never be used to perform the function of a writ or error.

The trial court did not err in denying the writ sought. *Freemen v. Tinsley,* 135 Colo. 62, 308 P. (2d) 220; *Rivera v. People,* 128 Colo. 549, 265 P. (2d) 226; *Best v. People,* 121 Colo. 100, 212 P. (2d) 1007; *Lowe v. People,* 139 Colo. 578, 342 P. (2d) 631.

The judgment is affirmed.