No. 19,166.

ELLSWORTH MEDBERRY *v.* WAYNE K. PATTERSON, WARDEN, ETC., ET AL.

(350 P. [2d] 571)

Decided March 14, 1960.   Rehearing denied April 11, 1960.

Mr. Samuel D. Menin, for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. John W. Patterson, Assistant, for defendants in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

Plaintiff in error will be referred to as Medberry.

In order that the facts which form the background for this action may be properly understood in sequence, we direct attention to the first paragraph of the opinion in *Medberry v. People,* 107 Colo. 15, 108 P. (2d) 243, where we find the following:

"Plaintiff in error, defendant below and so hereinafter designated, was charged in an information filed March 10, 1939, in the district court of Washington County, with murder in the first degree. In due course he and his family employed T. E. Munson, and Samuel Chutkow, members of the bar of the Thirteenth Judicial District of which Washington County forms a part, to represent him on the trial of such charge, to which a plea of

"not guilty" was entered. The trial opened on June 15, 1939, and was concluded on the 24th. On the latter date the jury returned its verdict finding defendant guilty of murder in the first degree and, in the exercise of its discretion to fix the penalty therefor at either death or life imprisonment, decreed the latter. Motion for new trial, based on thirty-five alleged grounds, was filed July 22, and overruled July 31, 1939, following which and upon the same date, in accordance with the verdict, judgment was pronounced sentencing defendant to life imprisonment in the penitentiary, where he has since been incarcerated."

It further appears from the opinion in the case above cited that following the return of the verdict of the jury and at the time a supplemental motion for new trial was overruled, new counsel for defendant (who came from Wisconsin to participate in the post trial proceedings):

" * * * requested the court to order the preparation of a transcript of the evidence and proceedings in the trial court at public expense to enable defendant to procure a review of the judgment of conviction. This motion also was denied."

Upon consideration of the record submitted, this court affirmed the conviction of Medberry, holding that the trial court committed no error in denying the request for a Bill of Exceptions at the expense of the County. The judgment of the trial court was affirmed December 2, 1940.

This action was commenced in May 1959 at which time Medberry filed a petition for a writ of habeas corpus in the District Court of Washington County. He alleged that his confinement in prison under the judgment above mentioned "was and is illegal." The allegation in said petition which is pertinent to the questions hereinafter discussed reads as follows:

"That the illegality of the confinement, imprisonment and restraint of your petitioner results from the refusal by the judge of the District Court of Washington Coun-

ty, Colorado upon request of petitioner on the ground of indigency to appoint counsel for him, and at the expense of the county to order a transcript of the record of the proceedings of the trial in order to accord petitioner the right to an adequate appellate review and adequate legal representation to appeal his conviction on the charge of murder. That the action of the trial court in denying such request, at a time when petitioner was unable to employ competent counsel admitted to practice in Colorado and pay for the transcript of the proceedings when he was destitute and without funds, resulted in a denial to petitioner of the equal protection of the law and due process of law in violation of the Fourteenth Amendment of the United States Constitution for the reason that persons who are not indigent and have sufficient funds to secure counsel at all stages of the proceedings and who, likewise, can afford to pay for a transcript of the record of the proceedings of the trial are as a matter of right under Colorado law, able to receive and do receive an adequate appellate review properly represented by competent counsel pursuant to the due process of law.

"That this violation of petitioner's constitutional rights was erroneously approved by the Supreme Court of Colorado in a decision rendered by said Court on December 2, 1940, sustaining the trial court. Said decision appears in the official Colorado Supreme Court reports as *Medberry vs. The People* 107 Colo. 15, and in the Pacific Reports 108 P (2d) 243."

Another allegation of the petition is as follows:

"Your petitioner further shows that recently when he was able to acquire some funds he attempted to secure a transcript of the record of the proceedings and was informed by the clerk of the District Court of Washington County that such transcript is not available and there is now no way to correct the wrong done this petitioner except by the granting of a writ of habeas corpus."

The Attorney General made return to the writ of habeas corpus which issued on Medberry's petition. This return contained the following, inter alia:

"Petitioner herein was convicted of murder in the first degree and a life sentence in the State Penitentiary imposed July 31, 1939, in case number 2658 in the District Court in and for the County of Washington, State of Colorado.

"Thereafter, on January 7, 1955, petitioner was transferred by executive order from the penitentiary to the State Reformatory pursuant to law.

"Petitioner is being lawfully confined and detained pursuant to the aforesaid judgment and sentence of the District Court and the aforesaid order of transfer."

The trial court entered a judgment as follows:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, That the petition for Writ of Habeas Corpus as heretofore filed should have been and hereby now is denied; that the temporary Writ which was issued should be and now is quashed and the Writ as requested shall not issue."

Medberry seeks review of this judgment by Writ of Error.

Questions to be Determined.

First: *Where a person is accused of murder by information filed in a court which admittedly has jurisdiction over the alleged offense and the person of the defendant; where the said accused, appearing by counsel selected and paid by him, is tried, convicted and sentenced to life imprisonment; where that conviction is reviewed by writ of error to this court, and the judgment is affirmed; will said defendant be entitled to a release from prison in habeas corpus proceedings, instituted twenty years after the judgment, upon the ground that the court conducting the murder trial erred in refusing to furnish a Bill of Exceptions at public expense, as a part of the record on writ of error to this court?*

The question is answered in the negative. In

*Freeman v. Tinsley,* 135 Colo. 62, 308 P. (2d) 220, this Court said:

"The decisions of this court clearly mark the boundaries within which the limits of habeas corpus lie. In *People ex rel. Metzger v. District Court,* 121 Colo. 141, 215 P. (2d) 327, the rule was announced as follows:

" 'It may be stated as a general rule that in a habeas corpus action by a person convicted of a crime the sole question for consideration is whether the petitioner therein was convicted in a court having jurisdiction of his person and of the charge in the information, and the judgment and sentence were within the statutory limitations.'

"This rule was reiterated in *Rivera v. People,* 128 Colo. 549, 265 P. (2d) 226. See also: *Hart v. Best,* 119 Colo. 569, 205 P. (2d) 787; *Best v. People,* 121 Colo. 100, 212 P. (2d) 1007."

The precise question was considered by this Court in *McKenna v. Tinsley,* 141 Colo. 63, 346 P. (2d) 584. In that case this Court said:

"It is plain that the denial of a request for a free transcript, even if timely made, * * *, does not afford a basis for the issuance of a writ of habeas corpus. Petitioner neither attacks the jurisdiction of the court nor the sentence imposed upon him. In order to invoke the remedy of habeas corpus, adequate grounds must be alleged. No such grounds appears here."

The quoted language is equally applicable to the instant case and compels a negative answer to the question.

Second:    *Under recent decisions of the Supreme Court of the United States, is one who is serving a life sentence for murder under a judgment which has been affirmed on writ of error by the court of last resort of the state, entitled to be released from imprisonment in habeas corpus proceedings because of refusal of the trial court to provide a bill of exceptions at public expense?*

The question is answered in the negative.

Cases relied upon by Counsel for Medberry are: *Grif-*

*fin v. Illinois,* 351 U. S. 12, 76 S. Ct. 585, 100 L.Ed. 891, and *Eskridge v. Washington State Board of Prison Terms and Paroles,* 357 U. S. 214, 78 S. Ct. 1061, 2 L.Ed. 2nd 1269.

We find nothing in these cases which sustains the contention of counsel that Medberry is now entitled to his release from prison in habeas corpus proceedings, upon any ground asserted by him. The judgment of guilt and the sentence imposed on that judgment are presumed to be valid until the contrary is made to appear. The writ of habeas corpus may not be used as a substitute for a writ of error. No review by the Supreme Court of the United States was sought by Medberry following the affirmance by this court of his conviction of the crime of murder. If it be true as contended by Counsel that this court erred in affirming the judgment entered in the murder trial, the remedy was to seek review in the Supreme Court of the United States. He was then entitled to urge every point which he now asserts. After twenty years delay, and, after it is apparent that a bill of exceptions cannot now be obtained, Medberry cannot evade the judgment by resort to habeas corpus which has never been available as a remedy under the circumstances present in this case.

In *Eskridge v. Washington State Board,* supra, the court did not order the release of the petitioner. Upon the contrary it clearly appears that the "reporter's transcript" could be produced, and the court directed that "the cause is remanded for further proceedings not inconsistent with this opinion." This could only mean that the transcript should be prepared and filed. In the *Eskridge* case the opinion points out that "The State does not deny petitioner's allegation of poverty, the substantiality of the trial errors he alleges, or the necessity for him to have some record of the proceedings in order to prosecute his appeal properly." In the instant case the indigency of Medberry, following his trial, was a debated matter, and there was ample evidence from

which the court in the original murder trial could find that Medberry could procure a transcript through his own resources. Although at the trial he had counsel of recognized ability and experience at the bar of this state, he was able to finance the appearance of an attorney from Wisconsin and otherwise to make substantial expenditures in connection with the proceedings following the verdict of the jury. He elected not to expend these sums on a "reporter's transcript," but made up his own "Bill of Exceptions" including many things therein which he then substituted for the transcribed notes of the reporter, and upon this "made" record, comprising in excess of five hundred typewritten pages, he sought review upon writ of error, and this court determined all issues submitted.

In the instant case the only statement which appears in the petition or elsewhere concerning the error alleged to have been committed by the trial court in the trial of the murder case is the following:

"And petition states that he verily believes a considerable number of errors were committed at the trial, and had he been accorded an adequate appellate review on the record of the proceedings pursuant to his right to due process and equal protection of the law under the United States Constitution, the verdict of guilty of murder would have been set aside."

This allegation falls far short of setting forth any fact from which it might appear that a possibility of error was committed in the trial of the murder case. No specific trial court ruling is mentioned from which it might appear that the accused was prejudiced; and if in fact prejudicial error was committed upon the trial, the accused or his counsel would certainly know what it was, and some specific mention showing the probability of error could be set forth in his petition. None appears, and the vague allegation above quoted is of no legal significance.

Upon these, and other grounds, the Eskridge case is distinguishable from the case at bar.

The judgment is affirmed.