Coy **LITCHFIELD**, Appellant,

v.

**Harry C. TINSLEY, Warden of the Colorado State Penitentiary, Appellee.**

No. 6349.

United States Court of Appeals
Tenth Circuit.

June 16, 1960.

Jack Levine, Denver, Colo., for appellant.

John F. Brauer, Asst. Atty. Gen. for the State of Colorado (Duke W. Dunbar, Atty. Gen. for the State of Colorado, and Frank E. Hickey, Deputy Atty. Gen. for

the State of Colorado, on the brief), for appellee.

Before MURRAH, Chief Judge, and PHILLIPS and BREITENSTEIN, Circuit Judges.

PER CURIAM.

This appeal is from the denial of an application for a writ of habeas corpus brought by Litchfield who is in the custody of the Warden of the Colorado State Penitentiary pursuant to the judgment of a Colorado court sentencing him to life imprisonment for the crime of murder. The only ground presented in support of the application which merits consideration is the use at the trial of an allegedly coerced confession. The warden asserts that the application must be denied as the prisoner has not exhausted the remedies available to him in the state courts. After a hearing at which the prisoner was present and represented by court-appointed counsel, the lower court upheld the contention of the warden and did not consider the application on its merits.

By an information filed in June, 1955, the prisoner was charged with the crime of murder in the first degree. At a trial held the following October, objection was made to the admission of a confession on the grounds that it had been obtained by coercion. The objection was overruled, the confession received, and a verdict of guilty was returned. On December 5, 1955, he was sentenced to life imprisonment. During the 45-day stay of execution he filed a letter in the trial court requesting the discharge of his appointed attorney and stating that he did not care to appeal his case to the Colorado Supreme Court. He now says that the reason he did not take the case to the higher court was that he could not pay for the trial record.

■ The admission of a coerced confession in a state court trial is a denial of due process which requires reversal of the conviction.[1] The issue here is whether the prisoner has exhausted his state court remedies, as required by 28 U.S.C. § 2254, so as to permit the determination of that issue in federal court.

■■ In Colorado appellate review is obtained by a writ of error issued by the state supreme court. Colorado does not permit the use of habeas corpus to perform the function of a writ of error but only to review jurisdiction of the person and charge and to review legality of sentence.[2] The writ of coram nobis is allowed in Colorado only for the correction of errors of fact unknown to the defendant at the time of occurrence[3] and, hence, is not available here because the confession in issue was objected to when offered.

■ The issue thus narrows to the question of whether the failure of the prisoner to secure a review by writ of error amounts to a failure to exhaust his state court remedies. This requires an examination of the procedures which have been followed.

At the time of sentence, December 5, 1955, the applicable Colorado statute, Colo.Rev.Stat.Ann. § 39–7–27 (1957), effective April 15, 1955, authorized the Colorado Supreme Court to limit the right to review a criminal conviction by writ of error. Pursuant thereto that court promulgated a rule, effective July 1, 1956, providing that a convicted defendant had six months from the date of conviction within which to seek review by writ of error. In Johnson v. People, Colo., 344 P.2d 181, certiorari denied 361 U.S. 943, 80 S.Ct. 409, 4 L.Ed.2d 364, Colorado held that a defendant convicted between April 15, 1955, and July 1, 1956, in a case in which a sentence other than death was imposed, had until January 1, 1957, within which to prosecute a writ of error. The prisoner did not apply for a writ of error until November 19,

**1.** Watts v. State of Indiana, 338 U.S. 49, 69 S.Ct. 1347, 93 L.Ed. 1801; United States ex rel. Master v. Baldi, 3 Cir., 198 F.2d 113, 117.

**2.** Lowe v. People, Colo., 342 P.2d 631, 632.

**3.** Kirk v. Best, 123 Colo. 127, 130–131, 225 P.2d 850.

1958. This was too late, and on application of the state the writ of error was dismissed.

The prisoner seeks to excuse the late filing by the assertion that he did not know that he was entitled to a transcript at the expense of the state. In Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, it was held that a state denies a constitutional right guaranteed by the Fourteenth Amendment when it denies appellate review to a convicted defendant who cannot obtain a trial record because of his poverty. It may be that the prisoner, because of lack of knowledge as to his rights, did not waive his right to a free transcript by failure to act before the Griffin decision but thereafter he was chargeable with knowledge of such right.[4] He had more than seven months to obtain a free transcript before the Colorado limitation on right to writ of error expired and yet he failed to apply for writ of error.

■ This is not a case where an appeal has been lost by lack of counsel, incapacity, or interference by state officials. An appeal was available to the prisoner and he failed to make use of it. Federal courts may not grant habeas corpus except pursuant to § 2254 and, absent lack of counsel, interference, or incapacity, "the state's procedure for relief must be employed in order to avoid the use of federal habeas corpus as a matter of procedural routine to review state criminal rulings."[5]

It may be that the prisoner expressly waived his right to writ of error by his letter to the state court, but, without regard to that, he had a right to a review by writ of error which he waived by failure to exercise within time. As no other post-conviction remedy is available in Colorado, the decision in Brown v. Allen, Warden, supra, bars him from federal habeas corpus on grounds which he might have asserted had he followed permissible state procedure.

Affirmed.

4. See Eskridge v. Washington State Board of Prison Terms and Paroles, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269; Medberry v. Patterson, D.C., 174 F.Supp. 720, 725. The Griffin decision was announced April 23, 1956, and re-

hearing was denied May 28, 1956, 351 U.S. 958, 76 S.Ct. 844, 100 L.Ed. 1480.

5. Brown v. Allen, Warden, 344 U.S. 443, 487, 73 S.Ct. 397, 422, 437, 97 L.Ed. 469, rehearing denied 345 U.S. 946, 73 S.Ct. 827, 97 L.Ed. 1370.