**Petition of Ellsworth MEDBERRY, Petitioner,**

v.

**Wayne K. PATTERSON, Warden of The Colorado State Reformatory, and Harry C. Tinsley, Warden of The Colorado State Penitentiary, Respondents.**

Civ. A. No. 6789.

United States District Court
D. Colorado.

Aug. 31, 1960.

558

Samuel D. Menin, Denver, Colo., for petitioner.

Duke W. Dunbar, Atty. Gen. of Colorado, Frank E. Hickey, Deputy Atty. Gen., and J. F. Brauer, Asst. Atty. Gen., for respondents.

ARRAJ, Chief Judge.

This matter comes before the Court on a petition for a writ of habeas corpus on the grounds that petitioner's imprisonment is in violation of the Due Process. and Equal Protection Clauses of the Fourteenth Amendment in that he was. denied adequate legal representation and an adequate appellate review.

This is the third time petitioner has. sought relief in this Court. The memorandum opinion and order filed in connection with the second petition and reported in D.C.Colo., 174 F.Supp. 720

should be read in connection with this opinion and order.

On June 24, 1939, petitioner was convicted of first degree murder in the District Court in Washington County, Colorado. A motion for new trial was filed alleging thirty-five grounds of error. This motion was denied and petitioner was sentenced to life imprisonment.

Subsequently, on October 13, 1939, the attorneys who had represented Medberry at his trial withdrew their appearance and John E. O'Brien, a member of the Wisconsin Bar but not of the Colorado Bar, entered his appearance for petitioner. Various motions by petitioner for appointment of counsel familiar with Colorado criminal procedure were denied. On October 14, 1939, petitioner's supplemental motion for a new trial or a writ of error coram nobis was denied. Following these rulings petitioner "requested the court to order the preparation of a transcript of the evidence and proceedings in the trial court at public expense to enable defendant to procure a review of the judgment of conviction". Medberry v. People, 107 Colo. 15, 17–18, 108 P.2d 243, 244. This motion too was denied. Thereafter, upon a suggestion of Medberry's indigency, he was permitted to docket his proceeding in error in the Colorado Supreme Court without prepayment of fees and to submit his case on typewritten abstract and briefs. A writ of error was issued on December 18, 1939. A request for a free transcript of the trial proceedings was also made in petitioner's brief before the Colorado Supreme Court. The Colorado Supreme Court denied the free transcript and affirmed Medberry's conviction. Only five issues were presented to and decided by the Colorado Supreme Court, the petitioner contending that lack of a transcript prevented him from arguing other errors alleged to have been committed during the trial. Petitioner did not seek a writ of certiorari from the United States Supreme Court.

Nothing further transpired in the case until petitioner applied in this Court for a writ of habeas corpus which was denied on August 13, 1958, for failure to exhaust state remedies. Petitioner then filed an original petition for habeas corpus in the Colorado Supreme Court which was denied on September 18, 1958, without written opinion. Rehearing was also denied without written opinion. Certiorari from the United States Supreme Court was denied on January 12, 1959. 358 U.S. 932, 79 S.Ct. 320, 3 L.Ed. 2d 304.

Medberry then, on February 4, 1959, again applied for a writ of habeas corpus in this Court. This Court, in a written opinion, Medberry v. Patterson, D.C., Colo., 174 F.Supp. 720, denied the application pointing out that petitioner had further remedies that he could pursue in the Colorado Courts. That opinion indicated that petitioner could proceed by way of petition for a writ of habeas corpus to a Colorado District Court and by way of applying for a free transcript in accordance with the procedure laid down in In re Patterson, 136 Colo. 401, 317 P. 2d 1041. It was further suggested that the Colorado Courts should be given an opportunity to reconsider Medberry's case in the light of Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891.

After this Court's decision in Medberry v. Patterson, supra, petitioner applied for a writ of habeas corpus in the District Court of Washington County, State of Colorado. Judge Hilbert Schauer of that Court held a hearing on the petition and denied the petition setting forth his findings on the matter. Petitioner appealed to the Colorado Supreme Court which affirmed, Medberry v. Patterson, Colo., 350 P.2d 571, the denial of the writ of habeas corpus on the ground that habeas corpus was not the proper remedy under Colorado law; there were no rulings on the specific findings of Judge Schauer.

The case is now before this Court on an application for a writ of habeas corpus filed May 9, 1960. A full hearing on all the issues involved in this case was held on July 14, 1960. The Court has had before it and has, under an agree-

ment of the parties, given consideration to the files and records of the previous habeas corpus cases filed in this Court by the petitioner and to the records in the Colorado Supreme Court involving this petitioner.

The first question that must be determined is whether Medberry has exhausted his state remedies, thus meeting the requirements of 28 U.S.C. § 2254. This Court must now hold that he has.

In 1940 Medberry attempted to secure a transcript so as to obtain a full appellate review of his trial and conviction. The argument that he did not exhaust his remedies since he did not seek certiorari from the United States Supreme Court at that time was adequately dealt with in Medberry v. Patterson, D.C.Colo., 174 F.Supp. 720, 726.

It does not appear and the respondents do not contend that the writ of coram nobis is an available remedy. See Litchfield v. Tinsley, 10 Cir., 281 F.2d 486; Kirk v. Best, 123 Colo. 127, 130–131, 225 P.2d 850.

■ Medberry has clearly complied with the suggestion in Medberry v. Patterson, D.C.Colo., 174 F.Supp. 720 that he attempt to obtain a writ of habeas corpus in a district court of Colorado. The denial by the district court was affirmed by the Colorado Supreme Court on the ground that habeas corpus is not an appropriate remedy under Colorado law for challenging the denial of a free transcript. This is an adequate state ground and exhaustion of state remedies does not require application for and denial of certiorari by the United States Supreme Court when the state decision was based on an adequate state ground. Medberry v. Patterson, D.C.Colo., 174 F. Supp. 720, 726; Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, 92 L.Ed. 1647; White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348.

The issues thus narrow to whether in order to exhaust his state remedies Medberry should now apply for a free transcript or whether by failing to ask for a new appellate review and free transcript before January 1, 1957, (the significance of this date will appear later) he failed to comply with Colorado's procedural requirements for an available remedy and thereby waived any Constitutional rights he may have possessed.

In dealing with either of these alternatives it is necessary to determine whether a second appeal is available to Medberry under Colorado law. If a second appeal is available he has not exhausted his state remedies. If it is not he has exhausted his state remedies.

■ This Court finds nothing in Colorado law that would allow Medberry a second appeal to the Colorado Supreme Court. Both respondents' brief and the Court's opinion in Medberry v. Patterson, Colo., 350 P.2d 571, make it clear that Colorado considers that Medberry has had his appellate review. The general rule is that there can be no second appeal. 24 C.J.S. Criminal Law § 1633, p. 228 and cases there cited. The opinion in Medberry v. Patterson, Colo., 350 P.2d 571, shows that no second appeal is available. The Court there said that the remedy was to have sought certiorari in the United States Supreme Court from the affirmance of his conviction. No mention is made of a second appeal to the Colorado Supreme Court as a possible remedy. And respondents in their brief in regard to an application for a free transcript of the last Medberry proceeding in state courts say that no second review is available under the rules. This Court finds no reason to believe that the same rule would not apply to a second appeal of Medberry's 1939 conviction. Certainly here, as in Dowd v. United States ex rel. Cook, 340 U.S. 206, 209, 71 S.Ct. 262, 95 L.Ed. 215, there is no indication that Medberry could have a second appeal as of right. Apparently under that decision a remedy less than an appeal as of right is one which does not have to be exhausted. This Court must therefore conclude that no new appeal of Medberry's conviction is available in the Colorado Courts.

With this in mind we turn to the respondents' argument that in order to ex-

haust his state remedies Medberry must again apply to the Colorado Courts for a free transcript under In re Patterson, 136 Colo. 401, 317 P.2d 1041, 1042.

The opinion of In re Patterson, supra, points out that one is not entitled to a transcript if it would be a "vain and useless thing" See Kirkendoll v. People, 138 Colo. 267, 331 P.2d 809. This is in conformity with the concurring opinion of Mr. Justice Frankfurter in Griffin v. People of State of Illinois, 351 U.S. 12, 24, 76 S.Ct. 585, 100 L.Ed. 891, in which it is pointed out that a state may protect itself from subsidizing frivolous appeals. Clearly, giving Medberry a free transcript for purposes of an adequate appellate review would be a "vain and useless thing" when no further appellate review is available. Therefore, it seems inescapable that the Colorado Courts would properly under In re Patterson, supra, deny Medberry a free transcript on the ground that it would be a vain and useless thing.

Before considering further the legal aspects of this question the factual situation should be narrowed. A certified copy of a letter of January 11, 1957, from the Clerk of the District Court of Washington County to Medberry shows that no transcript was available. The respondents in their "Answer and Return to Order to Show Cause" in Medberry v. Patterson, Civil No. 6133, in this Court said that "upon information and belief the respondents believe that the reporter's transcript of the proceedings in the Washington District Court are no longer available". And the Colorado Supreme Court in Medberry v. Patterson, Colo., 350 P.2d 571, pointed out that it is "apparent that a bill of exceptions cannot now be obtained". No evidence to the contrary has been produced. Therefore, it is the finding of this Court that no transcript is now available.

Since no transcript is available, it would be a futile gesture insofar as obtaining a transcript is concerned to apply for a free transcript in the Colorado Courts. But respondent argues that when the transcript is found to be un-

available the state Courts should be allowed to decide what the remedy is in such situation and consequently bringing the action in state court rather than federal court does have a purpose and is not futile. This reasoning might be persuasive if an application for a transcript by Medberry would result in a disposition of Medberry's case on its merits in the Colorado courts.

As explained above, the Colorado Courts would properly deny the application as a vain and useless thing and so would have no more reason to determine what to do when a transcript was unavailable than they had when the last writ of habeas corpus was presented to the Colorado Courts and was denied with no consideration given to the remedy for unavailability of a transcript.

Furthermore, it is extremely doubtful that in an application for a transcript at the present time Medberry could raise the point of the violation of his Constitutional rights in 1939 and 1940 so that he could have the Colorado Courts decide whether in 1939 and 1940 he was indigent and failed to receive an adequate appellate review. The Colorado Courts, on application for a free transcript would be obliged only to decide if petitioner is presently entitled to a free transcript.

In addition, a reading of the Colorado Supreme Court's opinion in Medberry v. Patterson, Colo., 350 P.2d 571, along with the opinions in Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, and Eskridge v. Washington State Board of Prison Terms and Paroles, 357 U.S. 214, 78 S. Ct. 1061, 2 L.Ed.2d 1269, leads to the conclusion that petitioner could not in the Colorado Courts invoke the Griffin and Eskridge cases in applying for a transcript. A considerable portion of the opinion of the Colorado Supreme Court is used to distinguish Medberry's case from the Eskridge case and presumably from the Griffin case. One, such as Medberry, as to whom no transcript is available, whose indigency was a "debated matter", and who could not set out some fact showing the probability of

error is not entitled to relief in Colorado under the Eskridge decision. Medberry v. Patterson, Colo., 350 P.2d 571. Any doubts about the availability to Medberry of a remedy under In re Patterson were laid to rest by the decision in Medberry v. Patterson, Colo., 350 P.2d 571. Thus, application for a transcript is not an available, effective remedy in the Colorado Courts under the facts of Medberry's case.

Having concluded that no new appeal of Medberry's conviction is available, it must, therefore, follow also that there was no failure to comply with Colorado's procedural requirements for obtaining an available remedy which failure would have constituted a waiver by Medberry of his Constitutional right to a transcript and an adequate appellate review. See Brown v. Allen, 344 U.S. 443, 484–487, 73 S.Ct. 397, 97 L.Ed. 469; Litchfield v. Tinsley, 10 Cir., 281 F.2d 486. It is not disputed that a transcript was requested in an acceptable way before the 1940 appeal. It was refused and there was then no possible need for further action by Medberry until the United States Supreme Court decision in Griffin v. People of State of Illinois on April 23, 1956.

It may be argued that after Griffin v. People of State of Illinois, Medberry had until January 1, 1957, to ask again for a transcript and for a new appeal under the Griffin decision and the Colorado rule limiting the time within which to apply for writ of error (see Johnson v. People, Colo., 344 P.2d 181; Litchfield v. Tinsley, 10 Cir., 281 F.2d 486) and that his failure to do so was failure to comply with Colorado's procedural requirements for an available remedy.

Whether the January 1, 1957, deadline applies to those convicted before April 15, 1955, is subject to considerable doubt. See Johnson v. People, Colo., 344 P.2d 181. If Medberry has an unlimited time within which to ask for a transcript and second appeal then he has not failed to comply with Colorado's procedural requirements and cannot be said to waive his rights by not now asking for a transcript and appeal when he has knowledge that no transcript is available. Waiver must be intelligent. Johnson v. Zerbst, 304 U.S. 458, 464–465, 58 S.Ct. 1019, 82 L.Ed. 1461; Dooling v. Overholser, 100 U.S.App.D.C. 247, 243 F.2d 825. Failure to do a futile thing is not intelligent waiver.

A somewhat closer question is presented if the deadline of January 1, 1957, does apply to those convicted before April 15, 1955, including Medberry. This Court is still, however, of the opinion that there has been no waiver or failure to meet procedural requirements for an available remedy. The cases in which the Courts have found waiver have been those in which the defendant neither asked for an appeal nor applied for a transcript prior to January 1, 1957. Medberry asked for both in 1939–1940 and received only a review of points requiring no transcript for decision.

Moreover, the evidence indicates that no transcript of the evidence has been available for many years. It is seriously doubted that one can waive a right to a transcript when it was impossible to have obtained it.

■ And most importantly, since no new appeal is available and since Medberry has no right to a transcript in the absence of an appeal for which it is necessary, Medberry did not fail to comply with Colorado's procedural requirements for applying for a transcript and appeal. No procedure was or is available for obtaining either transcript or appeal.

■ Furthermore, that one does not need to apply for a transcript and new appeal before applying for federal habeas corpus seems clearly indicated in the decision in Eskridge v. Washington State Board of Prison Terms and Paroles, supra.

Therefore, our conclusion must be that there was no failure to exhaust state remedies because of waiver or failure to comply with the procedural requirements for an available remedy.

Consequently, Medberry has, on coming to this Court for the third time, exhausted his state remedies and is entitled

to have his case considered on its merits by this Court.

We may first dispose of petitioner's contention that he was denied adequate legal representation. The Court resolves that point against petitioner on the grounds set forth in Medberry v. Patterson, D.C.Colo., 174 F.Supp. 720.

We turn then to the issue of whether Medberry was denied an adequate appellate review unconstitutionally.

If during the appeal from his conviction Medberry was indigent and his indigency prevented him from obtaining a transcript of his trial proceedings and the lack of such transcript prevented him from receiving an adequate appellate review, then he is imprisoned in violation of the Fourteenth Amendment. Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891; Eskridge v. Washington State Board of Prison Terms and Paroles, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269; In re Patterson, 136 Colo. 401, 317 P.2d 1041. And he would, therefore, be entitled to relief. 28 U.S.C. § 2241(c) (3).

In the habeas corpus proceeding in the District Court of Washington County, Judge Schauer made specific findings in denying the writ and we might well have been able to follow them if the highest court of the state had considered and affirmed those findings. Brown v. Allen, 344 U.S. 443, 465, 73 S.Ct. 397, 97 L.Ed. 469; Gay v. Graham, 10 Cir., 269 F.2d 482. Since this was not done, however, it is necessary for this Court to make its own findings of fact.

The first essential factual question is whether Medberry was indigent at the time of his appeal in 1939 and 1940. This Court finds that he was. During the hearing before this Court Medberry testified that he had no money during the entire trial and appeal period. He testified further that his parents furnished the money for his trial attorneys and for an attorney from Wisconsin to come to Colorado for post-trial proceedings. In the record on appeal in the Colorado Supreme Court are affidavits of Medberry and his parents of his and their indigency at the time for appellate proceedings. The parents' affidavit said that "they have sold their home and liquidated insurance policies and borrowed all the money they have been able to * * *" and "* * * are without further means to * * * furnish funds to aid in the defense of said defendant". There is no evidence contradicting any of the above. In an opinion during the post-trial proceedings the trial judge spoke of Medberry's "rendering himself or rendering his parents destitute of money or property with which to further finance his appeal to the Supreme Court * * *." This, although not a direct finding, along with the Colorado Supreme Court's allowing petitioner to proceed in forma pauperis "upon the suggestion of the indigency of defendant" lends support to the evidence showing indigency.

The evidence does show that $2,500 was spent for Medberry's trial attorneys and $667 was spent for Mr. O'Brien's conducting post-trial proceedings. Respondents argue that the failure to save sufficient money to finance his appeal was unwise and precludes a finding of indigency. No evidence was presented by respondents indicating that the money spent was an unreasonable amount for competent counsel in a case as important and involving as much effort as did Medberry's. It is the Court's finding that the money shown to be available to be spent on Medberry's behalf was reasonably spent.

A letter from one of the trial attorneys to Medberry's parents, which letter was part of the record in the Colorado Supreme Court in the original case, shows that the total cost of appeal, including seven or eight hundred dollars for a transcript, would have been approximately $2,000. No evidence indicates how the appeal could have been reasonably accomplished.

Moreover, the money used was furnished by his parents. The record shows that Medberry had reached his majority before these proceedings. Certainly the

parents were free to spend their own money as they saw fit. This Court finds no case, and respondents cite none, suggesting that this defendant must be found not to have been indigent if his parents might have spent their money more wisely.

Therefore, this Court finds that Medberry was indigent during the time of his appellate proceedings for the purpose of being entitled to a free transcript under the Griffin and Eskridge decisions.

The second essential factual question is whether lack of a transcript deprived Medberry of an adequate appellate review. This question must be answered affirmatively. After conviction a motion for new trial was filed alleging thirty-five grounds of error. An examination of the motion for new trial shows that approximately twenty-five of the grounds would require a transcript of the evidence for full consideration. The motion for new trial raised questions of the sufficiency of the evidence, whether there was evidence justifying the giving of certain instructions, whether errors in the admission or exclusion of evidence occurred and whether there was newly discovered evidence justifying a new trial. The conclusion that a transcript was necessary is supported by the original trial judge in his "Ruling on Objections to Proposed Bill of Exceptions" where he described the bill of exceptions as "but a transcript of only a very meager portion of the case entitled People v. Medberry, and wholly inadequate to put before an appellate court as a record upon which said court could intelligently pass or act". The Colorado Supreme Court in Medberry v. People, 107 Colo. 15, 108 P.2d 243 described petitioner's record on error as "excerpts from the records of the case filed in the office of the clerk of the district court and a transcript of the various pleadings and proceedings subsequent to the appearance of Mr. O'Brien in the case, together with copies of letters passing between court and counsel and newspaper accounts of the trial". This Court has examined the record that was before the Colorado Su-

preme Court in 1940 and finds it to be inadequate for purposes of full appellate review.

The respondent urges that petitioner should have set out here the specific errors which were allegedly committed in the original trial. There is nothing in the Griffin or Eskridge cases that indicates that one is precluded from relief if one cannot remember the details of trial error after twenty years. Petitioner's allegation that "considerable errors were committed at the trial, and had he been accorded an 'adequate appellate review' * * * the verdict of guilty of murder would have been set aside" is sufficient in this instance. With a transcript available petitioner could pin-point the alleged errors.

■ The Court, therefore, finds that because of lack of a transcript, Medberry was not accorded an adequate appellate review within the requirements of the Griffin and Eskridge decisions. Consequently, it is the conclusion of this Court that petitioner was denied his rights to due process and equal protection under the Fourteenth Amendment.

A transcript is not required in every case but Colorado must provide by some means an adequate appellate review. Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891.

Under 28 U.S.C. § 2243 the Court must "dispose of the matter as law and justice require." The authority of this Court to provide alternatives to release is clear. Dowd v. United States ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215; O'Brien v. Lindsey, 1 Cir., 202 F.2d 418; United States ex rel. Westbrook v. Randolph, 7 Cir., 259 F.2d 215.

It is, therefore, the judgment and order of this court that if within thirty days from the date of this order the petitioner applies for an appellate review by the Colorado Supreme Court of his trial and conviction, then within eight months from the date of this order petitioner shall be accorded one of the following three alternatives:

(1) he shall be provided with a transcript (including the testimony adduced

at the trial) or other adequate means of appeal and be granted an appeal based thereon, or

(2) he shall be given a new trial, or

(3) failing both of the above, he shall be discharged from custody by the respondents.

If petitioner does not apply for an appellate review within thirty days, he shall remain in the custody of respondents, and respondents will not be obliged to comply with the alternatives above set forth.