Wayne K. PATTERSON, Warden of the Colorado State Reformatory, and Harry C. Tinsley, Warden of the Colorado State Penitentiary, Appellants,

v.

Ellsworth MEDBERRY, Appellee.

No. 6594.

United States Court of Appeals Tenth Circuit.

May 4, 1961.

Robert G. Pierce and J. F. Brauer, Asst. Atty. Gen. (Duke W. Dunbar, Atty. Gen., Frank E. Hickey, Deputy Atty. Gen., on the brief), for appellants.

Samuel D. Menin, Denver, Colo., for appellee.

Before MURRAH, Chief Judge, PICKETT, Circuit Judge, and SAVAGE, District Judge.

PICKETT, Circuit Judge.

The issue presented in this habeas corpus proceeding concerns the effect of the due process and equal protection clauses of the 14th Amendment to the United States Constitution when a state refuses to supply an indigent defendant a free transcript of the trial proceedings necessary for an adequate review of a conviction in a murder case.

Medberry was convicted of murder in the first degree in June, 1939. He filed a motion for a new trial alleging numerous errors in the trial of his case, an appellate review of which would require a transcript of the trial proceedings. The motion was overruled, and Medberry was sentenced to life imprisonment. He was represented in the trial of the case by attorneys of his own choice who withdrew shortly after the trial. A Wisconsin attorney then appeared for Medberry. There was a timely notice of appeal, and the trial court denied a request, premised upon a showing of indigency, that a transcript of the trial proceedings be furnished at public expense. The conviction was affirmed on a record which did not contain a reporter's transcript of the trial proceedings. The Colorado Supreme Court held that the allowance of a free transcript in such cases was within the discretion of the trial court, which discretion had not been abused. Medberry v. People, 107 Colo. 15, 108 P.2d 243. In considering the appeal, the Colorado court assumed that at the time of his conviction, Medberry did not have

sufficient funds to purchase the necessary transcript.[1]

Since 1958 Medberry has been in and out of the state and federal courts in different habeas corpus proceedings in which he sought his release or a new appellate review with an adequate transcript of the trial evidence. He first brought habeas corpus proceedings in the United States District Court for the District of Colorado. The writ was denied on the ground that his state remedies had not been exhausted. An original petition for a writ was then filed in the Supreme Court of Colorado, and denied without opinion. Certiorari to the United States Supreme Court was also denied. Medberry v. Patterson, 358 U.S. 932, 79 S.Ct. 320, 3 L.Ed.2d 304. A second application for a writ was denied by the United States District Court for the District of Colorado on the ground that the state district court had jurisdiction of the merits of Medberry's claims. Medberry v. Patterson, D.C., 174 F. Supp. 720. At the suggestion of the United States District Court for the District of Colorado, further proceedings were instituted in the state district court where Medberry had been convicted. Relief was denied there, and the judgment was affirmed on appeal. Medberry v. Patterson, Colo., 350 P.2d 571. Medberry's perseverance culminated with a judgment in the instant case, which provided that if he applied for an appellate review of his conviction within thirty days, then, within eight months, he should be given one of these alternatives: "(1) * * * a transcript (including the testimony adduced at the trial) or other adequate means of appeal and be granted an appeal based thereon, or (2) * * * a new trial, or (3) failing both of the above, he shall be discharged from custody by the respondents." Medberry v. Patterson, D.C., 188 F.Supp. 557, 564.

 It is now settled that if state statutes provide for appeals from convictions in criminal cases, the due process and equal protection clauses of the 14th Amendment require that the right shall not be limited to those who are able to afford the expense of an appeal. Smith v. Bennett, 81 S.Ct. 895; Burns v. State of Ohio, 360 U.S. 252, 79 S.Ct. 1164, 3 L.Ed.2d 1209. As applied to this case, this means that the state, upon a timely request, must furnish an indigent defendant in a criminal case with a record on appeal which is sufficient for an adequate appellate review of his conviction. Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891.[2] If the state has refused to furnish the free transcript to which an indigent defendant is entitled, the taking of an appeal on a record which is not sufficient for adequate appellate review does not destroy that right. When a timely demand has been made, delay in seeking relief from the denial of the right to a transcript does not defeat that right.

---

1. The Federal District Court in this case made a finding supported by substantial evidence that Medberry was indigent at the time of his appeal in 1939 and in 1958. Medberry v. Patterson, D.C., 188 F.Supp. 557, 563.

2. In Griffin v. People of State of Illinois, 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891, the court said:
"All of the States now provide some method of appeal from criminal convictions, recognizing the importance of appellate review to a correct adjudication of guilt or innocence. Statistics show that a substantial portion of criminal convictions are reversed by state appellate courts. Thus to deny adequate review to the poor means that many of them may lose their life, liberty or property because of unjust convictions which appellate courts would set aside. Many States have recognized this and provided aid for convicted defendants who have a right to appeal and need a transcript but are unable to pay for it. A few have not. Such a denial is a misfit in a country dedicated to affording equal justice to all and special privileges to none in the administration of its criminal law. There can be no equal justice where the kind of trial a man gets depends on the amount of money he has. Destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts." (Footnotes omitted.)

In Eskridge v. Washington State Bd. of Prison Terms and Paroles, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269, the defendant was convicted of murder in a Washington State Court in 1935, and sentenced to life imprisonment. He gave timely notice of appeal to the Supreme Court of the State, but was unable to obtain a review because of the state's failure to furnish a free transcript. In 1956 Eskridge instituted habeas corpus proceedings in the Supreme Court of Washington, alleging as ground for the writ, that he had not been furnished a free transcript for the purpose of an appeal from his conviction. His petition was denied without opinion. The judgment of the Washington Supreme Court was reversed upon the principle that the failure to furnish Eskridge with a transcript for appeal purposes was a denial of his constitutional rights guaranteed by the 14th Amendment. The case was remanded for further proceedings.

■■■■ We are of the opinion that Medberry's case falls squarely within the rule of the Griffin, Eskridge and Burns cases, and that Medberry has exhausted his remedies in the state court. In his last appeal the Supreme Court of Colorado held that the relief he sought was not available in Colorado habeas corpus proceedings.[3] No federal question having been considered, a petition for certiorari to the United States Supreme Court was not necessary in order to exhaust state remedies. Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, 92 L.Ed. 1647; White v. Ragen, 324 U.S. 760, 765, 65 S.Ct. 978, 89 L.Ed. 1348. While it is unfortunate that at this late date the State of Colorado will be confronted with releasing one convicted of murder, or with the difficult but not insurmountable task of retrying him,[4] yet, as said in the Griffin case, it is traditional in our system of government that "constitutional guaranties of due process and equal protection both call for procedures in criminal trials which allow no invidious discriminations between persons and different groups of persons."

The judgment is affirmed and the time for compliance therewith is extended to six months from the date of the issuance of the mandate herein.

---

3. In Medberry v. Patterson, 350 P.2d 571, 574, the court quoted from McKenna v. Tinsley, 141 Colo. 63, 346 P.2d 584, as follows: "'It is plain that the denial of a request for a free transcript, even if timely made, * * *, does not afford a basis for the issuance of a writ of habeas corpus. Petitioner neither attacks the jurisdiction of the court nor the sentence imposed upon him * * * *'."

4. The record is clear that no transcript of the trial proceedings was made, and one is not now available.