No. 263. PATTERSON, WARDEN, ET AL. *v.* MEDBERRY. The respondent's motion for leave to proceed *in forma pauperis* is granted. Petition for writ of certiorari to the United States Court of Appeals for the Tenth Circuit denied.

Memorandum of MR. JUSTICE HARLAN.

The denial of certiorari in this federal *habeas corpus* proceeding, which involves the conditional release of a state prisoner from a life sentence imposed upon him more than twenty-one years ago, justifies a brief comment. The action taken below was predicated on Colorado's alleged unconstitutional denial to petitioner, an asserted indigent, of a free transcript of the trial proceedings in connection with a 1940 appeal from his conviction.

I find in this situation two important issues which, in my view, are or may be deserving of this Court's plenary consideration: (1) Was the Federal District Court entitled to re-examine the determination of the Colorado Supreme Court that petitioner was not indigent at the time a trial transcript was denied him, see *Medberry* v. *Patterson,* 142 Colo. 180, 186–187, 350 P. 2d 571, 575, and to make new findings that petitioner was then indigent? See *Brown* v. *Allen,* 344 U. S. 443, at 458, 463–464, 506; (2) Does the decision of this Court in *Eskridge* v. *Washington State Board,* 357 U. S. 214, require or justify retrospective application of the rule of *Griffin* v. *Illinois,* 351 U. S. 12, in circumstances where the State, without fault on its part, is now unable to supply petitioner with a trial transcript, or otherwise to satisfy the *Griffin* rule?

Although the first of these questions is presently ripe for consideration by this Court, it can be said that the second question is prematurely tendered, in that, while it is not disputed that the State for reasons beyond its control is no longer able to furnish petitioner with a trial transcript, it does not yet appear that the State is unable to furnish petitioner with other means of perfecting an

adequate appeal record. In these circumstances I acquiesce in the Court's denial of certiorari because such action will not, of course, preclude the State from showing below, if it can, that, without fault on its part, it is now unable to afford petitioner other adequate means of appeal, and from further recourse to this Court if necessary, with respect to either or both of the above questions. See *Brown* v. *Allen, supra,* at 456–457, 488–497.

*Duke W. Dunbar,* Attorney General of Colorado, *Frank E. Hickey,* Deputy Attorney General, and *J. F. Brauer,* Assistant Attorney General, for petitioners.