[No. 35953.     Department One.     December 27, 1962.]

THE STATE OF WASHINGTON, *Respondent,* v. FRANK JENKINS, *Appellant.**

*William F. Lockett,* for appellant.

*Charles O. Carroll* and *William F. West,* for respondent.

PER CURIAM.—February 3, 1961, appellant was sentenced to 15 years in the penitentiary for the crime of second-degree burglary. February 24, 1961, notice of appeal was filed.

Appellant was granted permission to proceed in forma pauperis. In view of our disposition of the case, it is not necessary to review the procedural delays and the voluminous correspondence pertaining to them.

Finally, the appeal was argued in this court November 13, 1962. At that time, it was called to the attention of appellant's counsel that a statement of facts had not been filed in this court. In view of appellant's contention that the evidence was not sufficient to support the verdict, a statement of facts is indispensable.

As a courtesy, the deputy prosecuting attorney furnished the clerk of this court a carbon copy of a purported "statement of facts" from his office file. It is, of course, unsigned,

*Reported in 377 P. (2d) 406.

undated, and uncertified. It contains six double-spaced type-written pages, of which 3½ pages purport to be a "statement of facts" in the nature of a "bystander's bill of exceptions." The record does not disclose who prepared it.

We have been unsuccessful in our attempt to secure the original of the 6-page "bystander's bill" (which we deem completely insufficient), even though we have offered to pay the cost of transmittal from the office of the Clerk of King County to Olympia. This, however, has become inconsequential.

We learned that on May 4, 1962, the trial judge entered an "Order directing that transcript of proceedings of the trial herein in part be furnished to the defendant *at county expense*." (Italics ours.)

We have a certified copy of the order in the official files of this court.

Omitting its formal parts, it provides:

" . . . It Is Now

"ORDERED, ADJUDGED AND DECREED that the Court Reporter at the trial of the above entitled matter be and he is hereby requested to prepare a full transcript of the testimony of: (a) GERTRUDE I. BORSHEIMS, (b) H. M. NELSON, (c) JOHN C. LUND, (d) D. R. CAMERON and (e) S. BROZOVICH, together with the rulings, decisions and proceedings relating to the testimony of all said witnesses.

"That further the above requested statement of facts is necessary to support defendant's contention that the evidence is insufficient to support the verdict of the jury—the state having failed to properly identify the defendant as the person who committed the burglary for which the defendant was convicted."

We have confidence in the trial judge and believe that he was governed by the rationale of our unanimous en banc decision in *In re Woods,* 54 Wn. (2d) 36, 338 P. (2d) 332 (1959), when he ordered the statement of facts at county expense. We note that the order identifies *the testimony of four witnesses who are not mentioned in the copy of the "bystander's bill."*

■ Appellant is entitled to procedural due process of

law. He is entitled to the record the trial court directed should be furnished him.

Therefore the judgment and sentence are reversed and the case remanded with directions to grant appellant a new trial, unless, within 30 days from the day this opinion is filed, a stenographic, certified statement of facts, as ordered by the superior court on May 4, 1962, is filed with the clerk of this court in Olympia. See *United States v. Randolph,* 259 F. (2d) 215 (7th Cir. 1958); *Medberry v. Patterson,* 188 F. Supp. 557 (USDC Colo. 1960).

It is so ordered.