UNITED STATES of America ex rel.
James WHITING

v.

David N. MYERS, Superintendent, State Correctional Institution, Graterford, Pennsylvania.

Misc. No. 2659.

United States District Court
E. D. Pennsylvania.

March 10, 1964.

James Whiting, in pro. per.

GRIM, District Judge.

In this habeas corpus petition relator alleges that he was denied an appeal from his conviction in June, 1963 of second degree murder because court appointed counsel "abandoned the petitioner and failed to prosecute an * * * appeal * * *." Relator also alleges that he was denied an adequate appeal from his conviction because the trial court failed to furnish him with a free transcript of the trial.

■ Relator is an indigent and it can no longer be denied that due process of law requires that an indigent defendant wishing to appeal his conviction in a state court be provided with counsel, Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) and with a transcript of the trial, Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Eskridge v. Washington State Board of Prison Terms and Paroles, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed. 2d 1269 (1958); Draper v. State of Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963).

■ However, this court is unable to determine, from an examination of the petition and trial record, if relator ever sought an appeal or the appointment of counsel for such an appeal. Likewise this petition and the trial record are silent on the question whether relator ever requested a free transcript of the trial testimony. These facts are essential since it is only the denial of the assistance of counsel and trial transcript by a state that raises a constitutional issue.

Local Rule 37 of this court requires a habeas corpus petitioner to aver in precise detail the facts upon which the allegation of unlawful restraint is based. Accordingly, the court will not consider the petition until such time as sufficient facts are pleaded to raise a constitutional issue.

ORDER

And now, March 10, 1964, the petition of James Whiting for a writ of habeas corpus is denied without prejudice. The Clerk of the Court is directed to furnish the relator with a copy of Local Rule 37 of this court.