PER CURIAM.
Appellant was represented at trial by an assistant public defender, He was found *427 guilty of the two counts charging crimes in the amended information. The trial attorney timely moved for a new trial alleging, inter alia: “That the verdict of the jury was contrary to the weight of the evidence.” Upon petition filed by appellant, the trial court entered an order of insolvency directing Bay County to bear any costs necessary and incident to the prosecution of appellant’s appeal. On March 26, 1975, the public defender appointed to represent appellant in prosecuting the instant appeal filed the following assignments of error:
“1. The Court erred in denying the Defendant’s Motion for Judgment of Acquittal at the close of the State’s case.
“2. The Court erred in denying the Defendant’s Motion for Judgment of Acquittal at the close of the Defendant’s case and the entire trial.
“3. The Court erred in denying the Defendant’s Motion for New Trial.”
On the same date, the public defender filed a “Motion for Order Directing Court Reporter to Transcribe Notes of the Entire Proceedings”, which motion the trial court denied citing that court’s Administrative Order 74-04 and the opinion of this court in Moore v. State, 298 So.2d 561 (Fla.App. 1st, 1974).
The trial court erred in its interpretation of Moore v. State wherein we clearly stated:
“We wish to emphasize that where an assignment of error raises matters which inhere in the transcript of testimony, an indigent defendant is entitled to a free transcript of the testimony for use in his appeal.”
The above recited assignments of error, coupled with trial and post trial motions, entitles this appellant to a transcript of the trial proceedings.
The subject motion contains extensive philosophical statements seeking to attack the constitutionality of “Administrative Order No. 74-04, and, apparently, the trial judge denied the motion upon its contents. Were we confronted solely with the contents of the motion, we would agree. However, we must presume that the public defender fulfilled his obligation as an officer of this court in filing the assignments of error related above. We will not presume that trial and post trial motions were filed as a subterfuge to obviate the impact of Moore.[1]
The order of the trial court denying appellant’s motion for a transcript is reversed. Jurisdiction of this cause is relinquished to the trial court with directions that it direct the court reporter to forthwith transcribe the proceedings. Further appellate proceedings shall then be had in accordance with the Florida Appellate Rules.
RAWLS, Acting C. J., and MILLS and SMITH, JJ„ concur.

. If such tactics are utilized by trial attorneys, they are subject to disciplinary action by the trial court and this court.