ON REVIEW OF ORDER DENYING APPELLANT’S MOTION FOR PAYMENT OF THE ENTIRE TRANSCRIPT OF PROCEEDINGS
PER CURIAM.
Appellant requests us to review the trial court’s denial of his indigency status so that he can be provided a transcript of his retrial for manslaughter and vehicular homicide. Although appellant had previously been declared indigent for the purpose of payment of trial costs, the trial court first denied the present request as “unreasonable and unnecessary”, apparently concluding that the entire transcript was unnecessary. Later it entered an order denying his motion on the grounds that appellant was not indigent within the meaning of section 27.52, Florida Statutes (1989). He seeks review of this order. The state has not filed a response.
We hold it was error to deny partial indigency status. While it appears through the financial affidavit that appellant’s income level met the criteria of 27.52(b) the trial court did not consider section 27.-52(c)l, the probable expense and burden of defending the case. See Pittman v. State, 488 So.2d 148 (Fla. 5th DCA 1986). Clearly from the financial affidavit it is obvious that appellant in no way can afford the approximate $4,000 transcript fee.
As to the earlier reason, namely that the trial court considered the cost of production of the entire transcript unreasonable, we note that the statement of judicial acts to be reviewed runs the entire length of the proceedings from pretrial hearings, including voir dire, and through sentencing. It is not up to the judge to-determine which points raise meritorious arguments on appeal, and the appellant is entitled to a full transcript. See Eskridge v. Washington State Bd. of Prison Terms and Paroles, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269 (1958); cf. Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963).
Reversed and remanded for entry of an order declaring appellant partially indigent for purpose of appellate costs.
GLICKSTEIN, C.J., and HERSEY and WARNER, JJ., concur.