ORDER ON MOTION TO QUASH
PER CURIAM.
The circuit court issued two orders which denied appellant’s request for transcripts in this direct criminal appeal. We grant appellant’s motion to quash those orders.
Appellant violated probation, accepted a plea bargain and received a sentence less than that provided for by the criminal punishment code. The circuit court found appellant to be indigent and required the state to pay all costs necessary for the prosecution of the appeal, except for the transcripts. The court stated that appellant had waived his right to appeal except for the legality of his sentence and found the sentence to be legal. The court stated that because appellant had no right to appeal a legal sentence, the costs of the transcripts for purposes of the appeal, if appellant insisted on pursuing it, should be borne by him and not by the state.
Appellant moves to quash the circuit court’s orders stating that he has complied with all pleading requirements to obtain a transcript. Florida Rule of Appellate Procedure 9.140(b) allows for this appeal from the revocation of probation and imposition of sentence. Appellant states that the fact that he entered a plea does not preclude him from pursuing his direct appeal with a record on appeal. See State v. Trowell, 739 So.2d 77 (Fla.1999); Ford v. State, 575 So.2d 1335 (Fla. 1st DCA 1991). The state takes no position on appellant’s motion.
In a direct criminal appeal, an indigent is entitled to have all proceedings transcribed at public expense that are necessary to support the appellant’s claims. See Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) (holding that as a matter of equal protection, the state must provide indigent defendants with the basic tools of an adequate defense or appeal, when those tools are available for a price to other defendants). A trial court cannot withhold transcripts based on a belief that no reversible error occurred below. See Eskridge v. Washington State Bd. of Prison Terms and Paroles, 357 U.S. 214, 216, 78 S.Ct. 1061, 2 L.Ed.2d 1269 *1219 (1958) (“The conclusion of the trial judge that there was no reversible error in the trial cannot be an adequate substitute for the right to full appellate review”); Daniels v. State, 441 So.2d 186, 187 (Fla. 5th DCA 1983) (“[T]he trial court [cannot] refuse to authorize the preparation of the record because of a belief that the appeal lacks merit”); Smith v. State, 325 So.2d 426 (Fla. 1st DCA 1976). An indigent criminal defendant has the right to have an attorney evaluate the case and attempt to discern nonfrivolous arguments. See Smith v. Robbins, 528 U.S. 259, 278 n. 10, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). In State v. Byrd, 378 So.2d 1231, 1232 (Fla.979), the supreme court stated that a criminal defendant has a constitutional right to have court costs, including the cost of the transcripts, paid for by the government in accordance with the U.S. Supreme Court’s decision in Griffin, as supplemented by Mayer v. City of Chicago, 404 U.S. 189, 195, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971) (“[T]he State must provide a full verbatim record where that is necessary to assure the indigent as effective an appeal as would be available to the defendant with resources to pay his own way.”).
Without a transcript, this court will not be able to evaluate, among other things, whether the oral pronouncement of sentence comported with the written sentence. Here, although the trial court is convinced that the sentence imposed is legal, that is a judgment for the appellate court to make, after a review of the record, including the transcripts. To hold otherwise would provide a defendant who has the financial means to pay for a transcript a greater review than an indigent defendant. “Destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts.” Griffin, 351 U.S. at 19, 76 S.Ct. 585. Accordingly, we quash the orders of the trial court with directions to enter all such orders as are necessary for appellant to obtain a transcript of the plea and sentencing hearing.
MOTION GRANTED; ORDERS QUASHED WITH DIRECTIONS.
WOLF, C.J., DAVIS and PADOVANO, JJ., concur.