961 F.2d 220
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Benito NEGRON, Plaintiff-Appellant,
v.
Officer Carl ADAMS (Adams County); Officer M.D. Kennedy
(Adams County); Officer Robert A. Fuller (Adams County);
Officer E.W. Fawcett (Adams County); Officer R.M. Alberca
(Adams County); Officer Toldness (Adams County); Officer
Riffle (Adams County); Officer Kathy Carson (Arapahoe
County); Officer Randy Hennessy (Douglas County); Attorney
Thomas A. Wallace (Denver County); Officer Harry Nimrod
(Adams County), Defendants-Appellees.
 No. 91-1241.
 United States Court of Appeals, Tenth Circuit.
 April 10, 1992.
 
 Before SEYMOUR and STEPHEN H. ANDERSON, Circuit Judges, and SAM,* District Judge.
 ORDER AND JUDGMENT**
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Benito Negron appeals from the district court's judgment entered following a jury trial. Negron has appeared pro se both before the district court and on appeal.
 
 
 3
 In his complaint, filed pursuant to 42 U.S.C. § 1983, Negron alleged that defendants,[1] officers of various county sheriffs' departments in Colorado, illegally entered his apartment after executing a valid arrest warrant on him. After arresting Negron, Officer Fuller made a walk-through security check of the apartment at which time he saw certain contraband items in plain view. These items, which were later seized, included potted marijuana plants, a hand gun and ammunition, and $163.00 in cash.
 
 
 4
 Officers Hennessy and Carson remained at the apartment for three hours after the arrest to secure the premises while waiting for a search warrant. After it was determined that a search warrant would not be issued, Sgt. Riffle directed the officers to photograph and seize the items in plain view. Officer Nimrod carried out this order. Negron alleged that because he was arrested at the door of his apartment and did not give the officers permission either to enter the apartment or to stay there after he was taken into custody, his Fourth Amendment rights were violated.
 
 
 5
 Negron also alleged that Officers Kennedy and Adams physically restrained him at the jail, in the process of which he received a small cut requiring several stitches. Defendants Adams, Kennedy, and Fuller went to trial; the remaining defendants were dismissed prior to trial.
 
 
 6
 On appeal, Negron raises issues relating only to the search and seizure. He argues that Officers Nimrod, Hennessy, and Carson were erroneously dismissed. He also argues that unspecified officers committed perjury by changing their sworn statements. Negron argues he was erroneously denied attorney's fees, a crime "reconstructionist," and "previously introduced evidence at trial." He also argues that the jury was improperly instructed as to damages and as to the "preponderance of evidence."
 
 
 7
 We have considered the issues Negron raises on appeal. Upon review of the record, we are not persuaded that the district court committed reversible error.
 
 
 8
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 *
 Honorable David Sam, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Defendant Wallace, Negron's court-appointed attorney, is the only nonlaw enforcement officer defendant. He was dismissed prior to trial. Negron does not challenge this dismissal