F I L E D
United States Court of Appeals
Tenth Circuit

AUG 15 2000

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

BENITO NEGRON,

      Plaintiff-Appellant,

v.

OFFICER CARL ADAMS, Adams
County; OFFICER M.D. KENNEDY,
Adams County; ROBERT A.
FULLER, Adams County,

      Defendants-Appellees.

No. 00-1071

(D.C. No. 88-D-1644)

(D.Colo.)

## ORDER AND JUDGMENT   *

Before **SEYMOUR** , Chief Judge, **EBEL** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

Benito Negron appeals the district court's denials of his Fed. R. Civ. P.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

60(b) motion to vacate judgment and his motion for free copies of the record. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, affirm the judgment of the district court, deny Negron's motion to reconsider this court's denial of his motion to appoint counsel, and deny Negron's motion to strike appellees' brief.

I.

In May 1989, Negron filed a complaint pursuant to 42 U.S.C. § 1983 alleging that police officers violated his constitutional rights during a search of his apartment and his subsequent arrest. The trial court dismissed part of the defendants prior to trial. A jury found against Negron and the court dismissed Negron's complaint with prejudice in July 1991. Negron appealed to this court, arguing the trial court erred in dismissing some of the defendants, unspecified officers committed perjury, the court erred in denying him attorney fees, and the court improperly instructed the jury. This court concluded the trial court did not commit reversible error. Negron v. Adams, Case No. 91-1241, 1992 WL 72948 at *1 (10th Cir. April 10, 1992) (unpublished disposition).

On December 8, 1998, Negron filed a motion in federal district court for a free copy of the trial transcript in order to prepare a "petition for certiorari" to this court. The district court denied Negron's motion and denied leave to proceed in forma pauperis. On December 31, 1998, Negron filed a motion for reconsideration, which the district court denied.

2

In June and July 1999, Negron filed motions in federal district court to vacate the 1991 judgment and requesting a free copy of the record. The district court denied the motions and denied leave to proceed on appeal in forma pauperis. Negron filed a renewed application with this court to proceed in forma pauperis. This court assessed costs and fees against Negron, payable in partial payments. We remind Negron of his continuing obligation to make payments until the entire filing fee has been paid. Negron also filed a motion for appointment of counsel with this court, which was denied. Negron has filed a motion for reconsideration of that denial.

## II.

*Denial of motion to vacate judgment*

Negron sought to vacate the 1991 judgment under Fed. R. Civ. P. 60(b)(3) and (4). The district court denied Negron's motion, concluding Negron failed to present any reason to vacate the judgment after eight years had passed. The district court noted Negron failed to demonstrate that any type of fraud, misrepresentation, or other misconduct occurred. "'We review . . . the disposition of Rule 60(b) motions for an abuse of discretion. . . . Under this standard, we will not reverse unless the trial court has made "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment."'" Weitz v. Lovelace Health Sys., Inc., 214 F.3d 1175, 1181 (10th Cir. 2000) (quoting

3

<u>Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.</u>, 170 F.3d 985, 992 (10th Cir.1999)).

Rule 60(b)(3) allows a district court to vacate a judgment based on "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Rule 60(b)(4) allows the district court to vacate a void judgment; Negron's claim under this section is based on his allegations of fraud. Although a Rule 60(b)(3) motion must be brought not more than one year after the judgment was entered, that restriction does not limit the power of a court to set aside a judgment for fraud on the court. Fed. R. Civ. P. 60(b). "When alleging a claim of fraud on the court, the plaintiff must show by clear and convincing evidence that there was fraud on the court, and all doubts must be resolved in favor of the finality of the judgment." <u>Weese v. Schukman</u>, 98 F.3d 542, 552 (10th Cir. 1996). "Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court." <u>Id.</u> at 552-53. "Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court." <u>Id.</u> at 553.

In his motion to vacate, Negron offered to establish that the 1991 judgment should be vacated because defendants had committed fraud on the court. Negron

4

made no assertion concerning what fraudulent conduct had occurred, claiming only that defendants had conspired to commit fraud on the court. Although Negron contends he needed the trial transcript to detail the particulars of the fraud, he failed to offer even general allegations of how the defendants acted fraudulently. Although we are to construe pro se filings liberally, we are not obligated to supply additional facts or "construct a legal theory for plaintiff that assumes facts that have not been pleaded." Peterson v. Shanks, 149 F.3d 1140, 1143 (10th Cir. 1998). We conclude the district court did not abuse its discretion in denying Negron's Rule 60(b) motion to vacate. Further, because Negron failed to allege fraud on the court with any specificity, we conclude the district court did not abuse its discretion in not holding a hearing on Negron's motion. See United States v. 8136 S. Dobson Street, 125 F.3d 1076, 1086 (7th Cir. 1997) (noting that the Federal Rules of Civil Procedure do not require the district court to hold a hearing on a Rule 60(b) motion, leaving that decision to the district court's discretion).

*Denial of Negron's motion for free copy of record*

Negron filed a motion requesting that the court provide him a free copy of the record. He asserted he needed the file for evidence to support his motion to vacate and he did not have money to pay for it. The district court denied the motion, concluding Negron did not demonstrate sufficient evidence or good

5

cause as to why he was entitled to copies of the record at the court's expense.

Negron contends the district court's denial of his motion for copies of the record violated his constitutional right to equal protection. Negron argues that a person with adequate means can obtain a record and prosecute his claims, while he is denied the opportunity because of his indigency. In the context of a direct appeal, this court has noted that "if state statutes provide for appeals from convictions in criminal cases, the due process and equal protection clauses of the 14th Amendment require that the right shall not be limited to those who are able to afford the expense of an appeal." Patterson v. Medberry, 290 F.2d 275, 277 (10th Cir. 1961). "On direct appeal, a trial transcript is an absolute matter of right for an indigent criminal defendant." Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992). "However, a [28 U.S.C.] § 2255 petitioner seeking collateral relief must demonstrate that his claim is not frivolous before the court is required to provide him with a free transcript." Id. "[A]n indigent § 2254 petitioner does not have a constitutional right to access a free transcript in order to search for error." Id. A § 2254 action is a civil action. Similarly, in this civil action Negron does not have a constitutional right to a free transcript to search for error when he has not demonstrated that his claim is not frivolous. We conclude the district court did not err in denying Negron's motion for a free copy of the record.

6

*Denial of motion to appoint counsel*

Negron argues the district court erred in denying his motion to appoint counsel. "We review the denial of appointment of counsel in a civil case for an abuse of discretion." Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995). In considering whether to appoint counsel, the factors the district court should consider include "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" Id. at 979 (quoting Williams v. Meese, 926 F.2d 994, 996 (10th Cir.1991)). After careful review of the record, we conclude the district court did not abuse its discretion in denying Negron's motion to appoint counsel.

### III.

The judgment of the district court is AFFIRMED. We DENY Negron's motion to reconsider this court's denial of his motion to appoint counsel and DENY Negron's motion to strike appellees' brief. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

7